IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. MDL 1551

This Document Relates to:
Civil Action No. 04-2313

ORDER GRANTING MOTION OF DEFENDANTS
RICHARD WITKOWSKI AND ATLANTIC SECURITY, LTD.
TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Before the Court in this multi-district litigation is the motion of the Defendants, Richard Witkowski and Atlantic Security, Ltd. ("ASL"), to dismiss this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Based on a review of the docket, no response has been filed by Plaintiff, and the allowed time period for his response has passed.[1]

The Plaintiff, Alfred W. Gross, Commissioner of Insurance, Bureau of Insurance, State Corporation Commission of the Commonwealth of Virginia ("the Commissioner"), as Deputy Receiver of Reciprocal of America ("ROA") and The Reciprocal Group ("TRG"), states in his Complaint that ROA is a Virginia unincorporated association and reciprocal insurer which provides insurance to hospitals, physicians, and lawyers, as well as reinsurance coverage to, among others, defendant General Reinsurance Corporation ("Gen Re"), a Delaware corporation doing business in Virginia. TRG is a Virginia non-stock corporation that was created to serve as attorney-in-fact for ROA. From its inception, ROA entered into a reinsurance arrangement with Gen Re, whereby ROA ceded to Gen Re a portion of ROA's risk under ROA's direct insurance policies. (Compl. at ¶ 71.)

---

[1] W.D. Tenn. Civ. R. 7.2(a)(2)(allowing thirty days for non-movant to respond); E.D. Va. Loc. Civ. R. 7(F)(1) (allowing eleven days for non-movant to respond).



This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-3-05



Plaintiff's causes of action in this case include Civil RICO claims, founded upon 18 U.S.C. 1961, *et. seq.* The Plaintiff alleges that non-party First Virginia Reinsurance ("FVR"), incorporated in Bermuda, was "to serve as a reinsurer of all of ROA's retained share of risk on the physician and lawyer business." (Compl. at ¶ 76.) In addition, a director at ROA "devised the use of FVR as means to hold profits from ROA's retained business (for use as surplus to policyholders) while temporarily sheltering ROA's physician and lawyer subscribers from taxation on those profits," and that certain of the Defendants referred to FVR as "Gen Re II" or "GR2." (Compl. at ¶ 76.) Plaintiff further alleges that FVR was originally owned 25% by ROA and 75% by 32 Virginia hospitals or health care systems, and that ROA's ownership interest was purchased in 1989 by the hospital owners in an effort by certain of the Defendants to avoid being subjected to additional regulation pursuant to Virginia law by removing the connection between ROA and FVR. (Compl. at ¶ 77.)

The Commissioner alleges that ASL is a Bermuda corporation with its principal place of business in Hamilton, Bermuda; that ASL was the managing agent for FVR; and that Witkowski was an ASL principal/employee involved in the management of FVR. It is claimed that Witkowski and ASL were complicit and cooperative in schemes involving undisclosed insurance rebates, sham reinsure agreements involving no substantial transfer of risk, among other fraudulent practices. (Compl. at ¶ 119.) The implementation of these schemes, according to the Plaintiff, involved the use of wire and mail communications. (Compl. at ¶ 115.) With the "knowledge and/or active assistance and/or negligent acquiescence" of ASL, Witkowski, and others, millions were diverted from FVR accounts and trusts, including a $3 million transfer to an FVR account, which was in fact used to pay amounts owed by ROA to Defendant Wachovia Bank. (Compl. at ¶¶ 339-340.)

In cases transferred from one federal judicial district to another pursuant to the federal change

of venue statute the transferee court shall "apply the law of the transferor court, regardless of who initiates the transfer." Ferens v. John Deere Co., 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990), see also, Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). This same principle has been traditionally followed in cases consolidated by the multidistrict panel pursuant to the provisions of 28 U.S.C. §§ 1407. In re San Juan Dupont Plaza Hotel Fire Litigation, 745 F. Supp. 79, 81 (D. Puerto Rico,1990); see also In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979, 644 F.2d 594 (7th Cir.1981); In re Air Crash Disaster at Washington, D.C. on January 13, 1982, 559 F. Supp. 333 (D.D.C.1983). Therefore, as this case was originally filed in the United States District Court for the Eastern District of Virginia, Virginia law governs in this matter.

Federal Rule of Civil Procedure 12(b)(2) permits the Court to dismiss a complaint for "lack of jurisdiction over the person." Where a federal court's subject matter jurisdiction over a case is based on the existence of a federal question, as it is here, personal jurisdiction should be grounded in state long-arm jurisdiction statutes. See Combs v. Bakker, 886 F.2d 673, 675 (4th Cir.1989) (citing Fed. R. Civ. P. 4(c)(2)(C)(i), (e)); see also ex rel. Long v. Alexander & Alexander Services, Inc., 680 F.Supp. 746 (EDNC 1988). A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997).

The Virginia long-arm statute, Va. Code Ann. § 8.01-328.1(A)(7), "extends personal jurisdiction to the extent permitted by the Due Process Clause." Young v. New Haven Advocate, 315 F. 3d 256, 261 (4th Cir. 2002). In order to exercise jurisdiction consistently with due process requirements, "a defendant... must have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"

3

Mitrano v. Hawes, 377 F.3d 402, 406 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

General jurisdiction involves the exercise of personal jurisdiction over a defendant in an action which does not arise out of a defendant's contact with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In such a case, the defendant's contacts with the forum must be "continuous and systematic" in order to satisfy the due process clause. Federal Ins. Co. v. Lake Shore Inc., 886 F.2d 654, 660 (4th Cir.1989). By contrast, the Fourth Circuit has stated that "[t]he standard for determining whether a court may exercise [specific] personal jurisdiction over a nonresident defendant depends on whether the defendant's contacts with the forum state provide the basis for the suit." Mitrano 377 F.3d at 406-7. If so, the contacts may establish specific jurisdiction. Id. (citing Helicopteros, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed.2d 404).

In ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002), the Fourth Circuit set out a three-part test for determining the appropriateness of a federal court's exercise of specific jurisdiction: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Further, a defendant should be able to anticipate being sued in a court that can exercise personal jurisdiction over him; thus, to justify such an exercise of jurisdiction, a defendant's actions must have been "directed at the forum state in more than a random, fortuitous, or attenuated way." ESAB Group, Inc. v. Cetnricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997).

The factor of purposeful availment "rests on the basic premise that traditional notions of fair

4

play and substantial justice are offended by requiring a non-resident to defend itself in a forum when the non-resident never purposefully availed itself of the privilege of conducting activities within the forum, thus never invoking the benefits and protections of its laws." Foster v. Arletty 3 S.A.R.L., 278 F.3d 409, 415 (4th Cir. 2002) (citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).

With respect to the reasonableness element where a defendant is outside the United States, the Supreme Court has cautioned that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., 480 U.S. 102, 114, 107 S. Ct. 1026, 1033, 94 L. Ed.2d 92 (1987). "Great care and reserve should be exercised when extending out notions of personal jurisdiction into the international field." Asahi Metal Indus. Co., 480 U.S. at 115, 107 S.Ct. at 1034 (quoting United States v. First Nat'l City Bank, 379 U.S. 378, 404, 85 S. Ct. 528, 542, 13 L. Ed.2d 365 (1965) (Harlan, J., dissenting)). Whether the exercise of personal jurisdiction over a foreign defendant is "reasonable" requires a balancing of the following factors: the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." Asahi Metal Indus. Co., 480 U.S. at 113, 107 S. Ct. 1026. But, "[w]hen minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." Id. at 114, 107 S. Ct. 1026.

As the Defendants have challenged the Court's jurisdiction over this matter, the burden of establishing the existence of personal jurisdiction lies with the Plaintiff. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003); see also Mylan Labs.,

5

Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir.1993)). In the absence of an evidentiary hearing on the question, a plaintiff need only make a prima facie showing of personal jurisdiction. Id. (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989)). In deciding whether a plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff. See Mylan Labs., 2 F.3d at 60.

In support of his motion to dismiss, Witkowski, who identifies himself as a citizen of New Zealand, but who is currently a permanent resident of Bermuda (see Richard Witkowski's Mot. for Dismissal for Lack of Personal Jurisdiction, Ex. 1 (Decl. of Richard Witkowski ("Witkowski Decl.")) at ¶ 2), and the senior vice president and a director of ASL (see Witkowski Decl. at ¶ 3), maintains that he has visited Virginia only four times spending a total of two weeks in that state (see Witkowski Decl. at ¶ 8). He further states that one of the four visits was in order to undergo a medical procedure and a second was for vacation (see Witkowski Decl. at ¶ 9). With respect to ASL, Witkowski submits that "[a]ll meetings of ASL's Board of Directors have been held outside the United States of America[;] [a]ll directors are residents of Bermuda and are not citizens or residents of the U.S.A.[;] ASL has no offices, employees outside of Bermuda[;] ASL has no assets outside of Bermuda[;] ASL manages captive insurance companies registered in Bermuda[; and] [n]one of the companies ASL manages is licensed in Virginia or organized under its laws." (see Witkowski Decl. at ¶¶ 4-7 ). However, Witkowski admits that his other two visits to Virginia were made in his capacity as a member of the management team of FVR (see Witkowski Decl. attachment, deposition of Richard Witkowski given in case of Crenshaw Community Hosp. et. al. v. General Reinsurance Corp., et al., 2:03-cv-02696, currently pending in this court). According to the deposition, pages 39-44 and 111-113, Witkowski traveled to Richmond, Virginia, to meet with employees of ROA's

6

accounting department in order to discuss problems with reconciliation of accounting information that ROA provided to its reinsurer Gen Re, which in turn passed it on to its reinsurer, FVR.

In Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, et al., 229 F.3d 448 (4th Cir. 2000), the court granted the defendant's motion to dismiss for lack of personal jurisdiction, noting insufficient contact with the forum state and a more appropriate forum elsewhere. Diamond Healthcare of Ohio, 229 F.3d at 450. The defendants had not conducted business in the forum state of Virginia, owned no property in Virginia, had not solicited business in Virginia, had no employees visit Virginia on its behalf to conduct business, and had no Virginia patients. Id. at 450-51. The only potential basis for personal jurisdiction over the defendants was in the contractual relationship between the parties. Id. at 451. That relationship had been initiated by the plaintiff, a Virginia corporation, in the state of Ohio; negotiations had taken place in Ohio; and the parties included a provision that the contract would be governed under Ohio law. Id.

In Ratliff v. Cooper Laboratories, Inc., 444 F.2d 745 (4th Cir. 1971) the Fourth Circuit held that even where a defendant advertises and employs a salesman in a forum state, such contacts may not be sufficient to justify general jurisdiction. Ratliff, 444 F.2d at 748. Ratliff involved an action brought by a non-resident plaintiff against a drug company whose only activities in the forum state were to employ five salesmen who promoted their products. Id. It was significant in the court's analysis that none of the plaintiffs were residents of the forum state and that the cause of action arose outside the forum state. Id. The court followed Ratliff in Nichols v. G.D. Searle & Co., 991 F.2d 1195 (4th Cir. 1993), holding that a Maryland court could not assert general jurisdiction over a company that, among other contacts with Maryland, employed its residents and held meetings in Maryland annually, where the plaintiff was not a resident of Maryland and where Maryland was a

7

less appropriate forum than the home state of the defendant or that of any of the plaintiffs. Nichols, 991 F.2d at 1200.

However, in Lee v. Walworth Valve Co., 482 F.2d 297 (4th Cir. 1973), the court found jurisdiction to be proper, relying heavily on the grounds that, first, the forum state had an interest in the case because the plaintiff was a resident, and second, the forum state was as appropriate a forum as any other state because the cause of action arose in Cuba. Lee, 482 F.2d at 299. The Lee defendant maintained no place of business in the state, owned no property and had no bank accounts there. Id. at 298. The defendant had no resident salesman or other agent in the state, but salesmen headquartered elsewhere did, with some regularity, call upon customers in the state, and occasionally sent engineers to the state to handle engineering problems. Id. at 299. Despite the fact that the cause of action did not arise from the defendant's activity in the state, it was pertinent that it did not arise in any other state whose courts might provide a more likely forum. Id. Further, the court found that the forum state had a substantial interest in the resolution of the case, due to both its paternal interest in the recovery by one of its citizens, and an immediate interest in the plaintiff's recovery given that, if deprived thereof, the plaintiff might become a public charge. Id. at 300.

In the case at bar, the forum state of Virginia clearly has a significant interest in the resolution of this dispute, and the plaintiffs are Virginia residents. Further, there is no other state that would clearly be a more appropriate forum. However, the movants did not solicit business, advertise, or have other contact with the forum state, and had no direct contractual relationship with the plaintiff. Therefore, the only potential basis for jurisdiction is premised upon Witkowski's two visits to Virginia to resolve accounting issues with ROA's accounting department, which simply are not sufficient to establish general or specific jurisdiction in this forum. See Diamond Healthcare of Ohio, 229 F.3d at 452-53, (holding that where the only contact with the forum state by the defendant

8

was a contract with plaintiff, which resulted from the unilateral action of the plaintiff in contacting the defendant, the contact was not sufficient to establish general jurisdiction); and Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory", 283 F.3d 208, 214 (4th Cir.2002) (holding that where the cause of action did not arise from the defendant's contact with the forum state, there was no specific personal jurisdiction; likewise, a single shipment made to the forum state was not continuous and systematic contact sufficient to establish general jurisdiction). Accordingly, the motion to dismiss of Witkowski and ASL is GRANTED.

IT IS SO ORDERED this 2Q day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 161 in case 2:04-CV-01551 was distributed by fax, mail, or direct printing on August 3, 2005 to the parties listed.

---

Jere L. Beasley
BEASLEY ALLEN CROW METHVIN PORTIS & MILES
P.O. Box 4160
Montgomery, AL 36103--416

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Patrick H. Cantilo
CANTILO & BENNETT LLP
7501-C North Capital Of Texas Highway
Ste. 200
Austin, TX 78731

Robert G. Methvin
MCCALLUM & METHVIN, PC
2201 Arlington Ave., S.
Birmingham, AL 35205

Jonathan P. Lakey
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

William H. Farmer
FARMER & LUNA
333 Union St.
Ste. 300
Nashville, TN 37201

Honorable J. Breen
US DISTRICT COURT