IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG -2 PM 5: 42

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. MDL 1551

This Document Relates to:
Civil Action No. 04-2479

---

ORDER GRANTING MOTION OF DEFENDANTS RICHARD WITKOWSKI
AND ATLANTIC SECURITY, LTD. TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND DENYING AS MOOT DEFENDANTS'
MOTION TO QUASH SERVICE OF PROCESS

---

Before the Court in this multi-district litigation are the motions of the Defendants, Richard Witkowski and Atlantic Security, Ltd. ("ASL"), to dismiss this action and to quash service of process, pursuant to Rules 12(b)(5) and 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs would normally have thirty days in which to respond[1], but according to the docket, no response has been filed.

According to the complaint, defendant Reciprocal of America ("ROA") is a Virginia unincorporated association and reciprocal insurer which provides insurance to hospitals, physicians and lawyers, as well as reinsurance coverage to, among others, Doctors Insurance Reciprocal, Risk Retention Group ("DIR"), not a party to this case. The Plaintiffs, Michael A. Jaynes, P.C. and Michael A. Jaynes, as class representative, allege that defendant First Virginia Reinsurance ("FVR"), incorporated in Bermuda, was "to serve as a reinsurer of all of ROA's retained share of risk on the physician and lawyer malpractice insurance business." (Amended Compl. at ¶ 37.) In addition, "the initial purpose of FVR was to allow ROA's lawyer and physician insureds to defer the payment of

---

[1]W.D. Tenn. Civ. R. 7.2(a)(2)

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-3-05



federal income taxes.  This had the further effect of limiting regulatory oversight of the various transactions entered into by the Defendants." (Am. Compl. at ¶ 37.)  DIR was formed pursuant to the authorization of ROA's board of directors in 1989 or 1990. (Am. Compl. at ¶ 43.)  The entity, domiciled and licensed in Tennessee, began writing insurance for the physician line of business previously insured by ROA. (Am. Compl. at ¶ 43.)

In the early 1990s, ROA entered into purported reinsurance contracts with DIR as well as other related entities. (Am. Compl. at ¶ 47.)  Shortly thereafter, the risk reinsured by ROA for DIR was retroceded to defendant General Reinsurance Corporation, ("Gen Re"), which, in turn, retroceded to FVR. (Am. Compl. at ¶ 51.)  While these agreements were disclosed to the regulators and the public, certain non-contractual arrangements, side letters and other agreements purporting to modify the original contracts were not disclosed. (Am. Compl. at ¶ 57.)  These non-disclosures were, the Plaintiffs aver, fraudulent and in some cases violative of statutes requiring prior written approval of particular transactions. (Am. Compl. at ¶ 57.)

The Plaintiffs allege that ASL is a Bermuda corporation with its principal place of business in Hamilton, Bermuda; that ASL was the managing agent for FVR, also located in Hamilton, Bermuda; and that Witkowski was an ASL principal/employee involved in the management of FVR. It is claimed that Witkowski and ASL were complicit and cooperative in a scheme to make loans to FVR, disguised and misrepresented as reinsurance in order to deceive regulators regarding FVR's ability to satisfy its obligations.  (Am. Compl. at ¶ 67.)  The implementation of these loans, according to the Plaintiffs, involved the use of wire and mail communications. (Am. Compl. at ¶ 69.)

Plaintiffs' causes of action in this case include Civil RICO claims, founded upon 18 U.S.C.

2

1961, *et. seq.* Rule 12(b)(2) permits the Court to dismiss a complaint for "lack of jurisdiction over the person." "Where a federal court's subject matter jurisdiction over a case stems[, as it does here,] from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." Bridgeport Music, Inc. v. Still N The Water Publ'g, 327 F.3d 472, 477 (6th Cir.), cert. denied, 540 U.S. 948, 124 S.Ct. 399, 157 L.Ed.2d 279 (2003) (citations and internal quotation marks omitted).

Plaintiffs, who are Tennessee residents, filed this case in the United States District Court for the Western District of Tennessee; therefore Tennessee law applies as to jurisdiction. The Tennessee long-arm statute renders non-residents subject to the "jurisdiction of the courts of this state as to any action or claim for relief arising from . . . [e]ntering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting." Tenn. Code Ann. § 20-2-214(a)(5). The statute is "construe[d] to extend to the limits of due process." Neal v. Janssen, 270 F.3d 328, 331 (6th Cir. 2001).

In Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003), the Sixth Circuit instructed that,

> [t]he bedrock principle of personal jurisdiction due process analysis is that when the Defendant is not physically present in the forum, [it] must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. "Minimum contacts" exist when the Defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there. It is necessary that the Defendant purposefully avail [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. Random, fortuitous, or attenuated activity is not a constitutionally adequate basis for jurisdiction.

Youn, 324 F.3d at 417 (internal citations and quotation marks omitted).

Both "general" and "specific" jurisdiction may be adequate bases for personal jurisdiction. Conti v. Pneumatic Prods. Corp., 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction exists "when the defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,' so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state." Youn, 324 F.3d at 417-18. A federal court has specific jurisdiction "when 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

In Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir. 1968), the Sixth Circuit articulated a three-part test for determining the appropriateness of a federal court's exercise of specific jurisdiction: (1) "the defendant must purposefully avail [itself] of the privilege of acting in the forum state or causing a consequence in the forum state;" (2) "the cause of action must arise from the defendant's activities there;" and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." See also Youn, 324 F.3d at 418. Failure to satisfy any one of the Southern Machine Co. elements "means that personal jurisdiction cannot be invoked." Southern Sys., Inc. v. Torrid Oven Ltd., 58 F.Supp.2d 843, 848 (W.D. Tenn. 1999).

With respect to the reasonableness element where a defendant is outside the United States, the Supreme Court has cautioned that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of

4

stretching the long arm of personal jurisdiction over national borders." <u>Asahi Metal Indus. Co., Ltd.</u>

<u>v. Superior Court of Cal.</u>, 480 U.S. 102, 114, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987); <u>see also</u>

<u>City of Monroe Employees Retirement Sys. v. Bridgestone Corp.</u>, 399 F.3d 651, 666 (6th Cir. 2005),

<u>reh'g en banc denied</u> (May 3, 2005). "Great care and reserve should be exercised when extending

out notions of personal jurisdiction into the international field." <u>Asahi Metal Indus. Co.</u>, 480 U.S.

at 115, 107 S.Ct. at 1034 (quoting <u>United States v. First Nat'l City Bank</u>, 379 U.S. 378, 404, 85 S.Ct.

528, 542, 13 L.Ed.2d 365 (1965) (Harlan, J., dissenting)).   Whether the exercise of personal

jurisdiction over a foreign defendant is "reasonable" requires a balancing of the following factors:

"the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining

relief." <u>Bridgestone Corp.</u>, 399 F.3d at 666 (citing <u>Asahi Metal Indus. Co.</u>, 480 U.S. at 113, 107

S.Ct. 1026).

As the Defendants have challenged the Court's jurisdiction over this matter, the burden of

establishing the existence of personal jurisdiction lies with the Plaintiff.  <u>See Neogen Corp. v. Neo</u>

<u>Gen Screening, Inc.</u>, 282 F.3d 883, 887 (6th Cir. 2002); <u>Siebelink v. Cyclone Airsports, Ltd.</u>, No.

1:01-CV-591, 2001 WL 1910560, at *1 (W.D. Mich. Nov. 27, 2001).   In the absence of an

evidentiary hearing on the jurisdiction question,

> the court must consider the pleadings and affidavits in a light most favorable to the
> plaintiff.  To defeat such a motion, the plaintiff need only make a prima facie
> showing of jurisdiction.  Furthermore, a court does not weigh the controverting
> assertions of the party seeking dismissal.

<u>Dean v. Motel 6 Operating L.P.</u>, 134 F.3d 1269, 1272 (6th Cir. 1998) (citations omitted).  A plaintiff

may not, however, rest on his pleadings "but must set forth specific facts showing that this Court has

jurisdiction." <u>Siebelink</u>, 2001 WL 1910560, at *1 (citing <u>Theunissen v. Matthews</u>, 935 F.2d 1454,

1458 (6th Cir. 1991)).

In support of his motion to dismiss, Witkowski, who identifies himself as a citizen of New Zealand who is currently a permanent resident of Bermuda and the senior vice president and a director of ASL, (see ASL and Richard Witkowski's Mot. to Quash Service of Process and for Dismissal for Lack of Personal Jurisdiction, Ex. 1 (Decl. of Richard Witkowski ("Witkowski Decl.")) at ¶¶ 2, 4) maintains that he has never visited Tennessee and further argues in his motion that he has not done business in Tennessee either on his own behalf or that of ASL. (see Witkowski Decl. at ¶ 3). With respect to ASL, Witkowski submits that "[a]ll meetings of ASL's Board of Directors have been held outside the United States of America[;] [a]ll directors are residents of Bermuda and are not citizens or residents of the U.S.A.[;] ASL has no offices, employees outside of Bermuda[;] ASL has no assets outside of Bermuda[;] ASL manages captive insurance companies registered in Bermuda[;] [n]one of the companies ASL manages is licensed in Tennessee or organized under its laws[;] [n]o one has ever acted on behalf of ASL in Tennessee[; and] ASL has never contracted with or done business with any Tennessee entity." (See Witkowski Decl. at ¶¶ 5-9).

The mere existence of a contract between a non-resident and a citizen of the forum is not sufficient to confer jurisdiction over the non-resident. See Calphalon Corp. v. Rowlette, 228 F.3d 718, 722 (6th Cir. 2000). In Nationwide Mutual Insurance Co. v. Tryg International Insurance Co., Ltd., 91 F.3d 790 (6th Cir. 1996), the Sixth Circuit was presented with a Rule 12(b)(2) motion filed by the defendant, a Danish reinsurer. Nationwide Mut. Ins. Co., 91 F.3d at 791. The plaintiff, an Ohio insurance company, sought to show in response to the motion that personal jurisdiction over the defendant was appropriate under the Ohio long-arm statute, which, like the Tennessee statute, extended to the limits of the due process clause. Id. at 791, 793. In support of the existence of

general jurisdiction, the plaintiff relied on the following contacts between the defendant and the State of Ohio: Tryg International's prior reinsurance agreement with another Ohio company, a prior reinsurance agreement between Tryg International and Nationwide, and the defendant's three-percent participation in a reinsurance pool operated by Nationwide. Id. at 791, 793-94. The court determined that these contacts were insufficient to establish general jurisdiction, noting that "[n]one of the agreements required Tryg International to send its representatives to Ohio to conduct any business in the state, and Tryg International's performance under the agreements did not require it to conduct substantial activities in Ohio." Id. at 794.

Moreover, Nationwide argued that the following facts, which Tryg International did not dispute, gave rise to a finding of specific jurisdiction: Tryg International sent a letter to Nationwide agreeing to the three-percent pool participation; the defendant knew that Nationwide, in its capacity as underwriter of the pool, would underwrite reinsurance risks on the pool's behalf, collect premiums on risks and place them in Ohio bank accounts, adjust losses and pay claims in Ohio, provide accounting statements in Ohio, and require Tryg International to remit funds to the plaintiff in the state to cover losses; Tryg International entered into reciprocal reinsurance agreements with Nationwide as a participant in the pool; after the agreement's collapse, Tryg International "sent an agent to Ohio in an attempt to resolve the dispute"; the defendant "solicited business from Nationwide during the negotiations as a potential method of resolving the current dispute"; and "Tryg International realized a profit from its contacts with Ohio and affected commerce in Ohio as a result of the reinsurance agreement, which was heavily regulated by Ohio statutory law." Id. at 794-95. It was also undisputed that the agreement was negotiated in Monte Carlo and that the defendant had never "had an office, owned property, solicited business, or sent agents for the

purpose of soliciting business in the state of Ohio." Id. at 795.

In analyzing the contacts for purposes of determining jurisdiction, the court recognized that the activities of Nationwide pursuant to the contract were irrelevant, as "the unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State." Id. (quoting Helicopteros Nacionales de Colombia, 466 U.S. at 417, 104 S.Ct. at 1873). Focusing then on the actions of Tryg International, the court found that the defendant's contacts with respect to Ohio were not sufficient to establish specific jurisdiction, particularly in light of the international nature of the relationship. Id. at 796-97.

The contacts in this case are substantially more attenuated than those present in Nationwide Mutual. Here, the sole contact alleged by Plaintiff in his Complaint is that FVR was the reinsurer of ANLIR and that the companies had common managers, which, in light of Nationwide Mutual, simply is not sufficient to establish general or specific jurisdiction in this forum. Accordingly, the motion to dismiss is GRANTED. Based on the Court's decision, the Defendants' requests to quash service of process are DENIED as moot.

IT IS SO ORDERED this 2\ day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 162 in
case 2:04-CV-01551 was distributed by fax, mail, or direct printing on
August 3, 2005 to the parties listed.

---

Jere L. Beasley
BEASLEY ALLEN CROW METHVIN PORTIS & MILES
P.O. Box 4160
Montgomery, AL 36103--416

Jonathan P. Lakey
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

William H. Farmer
FARMER & LUNA
333 Union St.
Ste. 300
Nashville, TN 37201

Robert G. Methvin
MCCALLUM & METHVIN, PC
2201 Arlington Ave., S.
Birmingham, AL 35205

Patrick H. Cantilo
CANTILO & BENNETT LLP
7501-C North Capital Of Texas Highway
Ste. 200
Austin, TX 78731

Honorable J. Breen
US DISTRICT COURT