IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. MDL 1551

This Document Relates to:
Civil Action No. 04-2294

---

ORDER GRANTING MOTION OF DEFENDANT WILLIAM T. SUGG
TO DISMISS COMPLAINT OF MISSOURI HOSPITAL PLAN, ET.AL.,
FOR LACK OF PERSONAL JURISDICTION

---

Before the Court in this multi-district litigation are the motion of the Defendant, William T. Sugg, to dismiss this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to Dismiss for Failure to State a Claim under Rule 12(b)(6); the response Memorandum in Opposition filed by the Plaintiffs, and the Reply of Sugg.

The Plaintiffs, Missouri Hospital Plan ("MHP"), Hospital Services Group, Inc. ("HSG"), Healthcare Services Association ("HSA"), Providers Insurance Consultants, Inc. ("ProCon"), and Medical Liability Alliance ("MLA"), state in their Complaint that non-party The Reciprocal Group ("TRG") is a Virginia non-stock corporation that served as attorney-in-fact for, and provided management insurance services to, non-party Reciprocal of America ("ROA"), including management and insurance services for the business written by ROA to member hospitals of MHP in the State of Missouri. (2d. Am. Compl. at ¶ 36.) Plaintiffs assert that movant William T. Sugg is a Tennessee resident and served as a member of the Board of Directors of TRG from March 1, 1997 until December 12, 2002, and as its Chairman from March 24, 2000 until December 12, 2002. They further state that in August 2000, plaintiffs and ROA, TRG, and Doctors Insurance Reciprocal ("DIR") entered into a series of contractual agreements whereby the parties agreed to combine

business operations, subject to Plaintiffs' right to terminate the business combination prior to closing. (2d. Am. Compl. at ¶ 31.)  Plaintiffs terminated these agreements effective April 11, 2002 due to the deterioration of the financial condition of ROA following a downgrade of ROA's financial rating (2d. Am. Compl. at ¶ 33).  Plaintiffs allege that as a result of being induced into the agreement they have sustained substantial damages. (2d. Am. Compl. at ¶ 39.)  They further claim that Sugg was negligent in exercising his duties to perform meaningful oversight or inquiry into the financial condition or affairs or operations of TRG and its officers. (2d. Am. Compl. at ¶ 148.)

In cases transferred from one federal judicial district to another pursuant to a change of venue, the transferee court shall "apply the law of the transferor court, regardless of who initiates the transfer." Ferens v. John Deere Co., 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990), see also, Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). This same principle has been traditionally followed in cases consolidated by the multidistrict panel pursuant to the provisions of 28 U.S.C. §§ 1407. In re San Juan Dupont Plaza Hotel Fire Litigation, 745 F. Supp. 79, 81 (D. Puerto Rico,1990); see also In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979, 644 F.2d 594 (7th Cir.1981); In re Air Crash Disaster at Washington, D.C. on January 13, 1982, 559 F. Supp. 333 (D.D.C.1983).  Therefore, as this case originated in the United States District Court for the Western District of Missouri, but transferred to this district as part of an order from the multidistrict panel, Missouri law governs in this matter.

Federal Rule of Civil Procedure 12(b)(2) permits a district court to dismiss a complaint when jurisdiction over the person is lacking.  Where a federal court's subject matter jurisdiction over a case is based on the existence of a federal question, as it is here, personal jurisdiction should be grounded in state long-arm  jurisdiction statutes. Enterprise Rent-A-Car Company v. U-Haul Intern.,

Inc., 327 F. Supp.2d 1032, 1036 (E. D. Mo. 2004) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104-05, 108 S. Ct. 404, 98 L. Ed.2d 415 (1987)).   A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. See Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir.2004).

The Missouri long-arm statute allows for jurisdiction over "any person or firm" as to any cause of action arising from

> (1) the transaction of business within the state;
> (2) the making of any contract within this state;
> (3) the commission of a tortious act within this state;
> (4) the ownership, use, or possession of any real estate situated in this state;
> (5) the contracting to insure any person, property or risk located within this state at the time of contracting[.]

Mo. Rev. Stat. § 506.500 (2003).   The statute "authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause[; therefore, a court should] turn immediately to the question whether the assertion of personal jurisdiction would violate the due process clause." Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002).   In order to exercise jurisdiction consistently with due process requirements, "a defendant must have sufficient minimum contacts with the forum state "such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir.1996), (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). More particularly, there must be "'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Dever, 380 F.3d at 1073, (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).

General jurisdiction involves the exercise of personal jurisdiction over a defendant in an action which does not arise out of a defendant's contact with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). A court may exercise general personal jurisdiction over a "defendant who has continuous and systematic contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." Dever, 380 F.3d at 1073 (8th Cir. 2004)(internal quotation marks omitted).

In a case involving specific personal jurisdiction, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." Dever, 380 F.3d at 1073.  In other words, the cause of action must "'arise out of' or 'relate to' a defendant's activities within a state." Lakin v. Prudential Sec., Inc., 348 F.3d 704, 707 (8th Cir. 2003) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). In determining whether the district had personal jurisdiction over a defendant, the court should consider "'(1) the nature and quality of [his] contacts with [Missouri]; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of [Missouri] in providing a forum for its residents; and (5)[the] convenience of the parties.'" Dever, 380 F.3d at 1073-74 (internal quotation omitted). We give "significant weight... to the first three factors." Id.

As the Defendant has challenged the Court's personal jurisdiction over him, the burden of establishing the existence of such jurisdiction lies with the Plaintiffs. See Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992). In the absence of an evidentiary hearing on the question, a plaintiff need only make a prima facie showing of personal jurisdiction. Id. (citing Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991)).  In deciding

4

whether a plaintiff has made the requisite showing, the Court must take all disputed facts and reasonable inferences in favor of the plaintiff. See <u>First National Bank of Lewisville, Ark. v. First National Bank of Clinton, Kentucky</u>, 258 F.3d 727, 729 (8th Cir. 2001).

In support of his motion, Sugg identifies himself as a resident of the State of Tennessee and Chief Executive Officer and President of Sumner Regional Health Systems, Inc., a Tennessee corporation whose principal place of business is in Gallatin, Tennessee. (Mot. to Dismiss of William T. Sugg for Lack of Pers. Juris., or alter., for Failure to State a Claim, Ex. (Aff. of William Sugg ("Sugg Aff.") at ¶¶ 2-3 ). Sugg acknowledges that he is a former member of, and one time Chairman of, the Board of Directors of TRG (Sugg Aff. at ¶ 5), but maintains that he has no relationship or contacts whatsoever with the State of Missouri; has never been a resident of Missouri; has never conducted or transacted any personal business in the State of Missouri; has never entered into any personal contracts within the State of Missouri; and does not own, use or possess any real estate or personal property located within the State of Missouri. (Sugg Aff. at ¶¶ 7-9.)

In response to Sugg's motion, Plaintiffs aver that even a single business transaction in Missouri is sufficient to satisfy the "transacting any business" requirement of Missouri's long-arm statute, citing <u>Scullin Steel Co. v. National Railway Utilization Corp.</u>, 676 F.2d 309, 311 (8th Cir. 1982); <u>Sloan-Roberts v. Morse Chevrolet Inc.</u>, 44 S.W.2d 368 (Mo. Ct. App. 1998)(holding Missouri resident's purchase of a car from Kansas dealership was "transacting business" in Missouri); <u>Schilling v. Human Support Services</u>, 978 S.W.2d 368 (Mo. Ct. App. 1998)(holding the repair, in Missouri, of a vehicle owned by an Illinois resident was "transacting business" in Missouri).

In support of their position, Plaintiffs offer the affidavit of Robert Dunn, former President of Plaintiff MHP, describing a series of meetings in Jefferson City, Missouri in March 1999 attended

by representatives of ROA, TRG, DIR, and others, who made presentations regarding the financial condition and operations of those entities. (see Mem. in Opp'n to Def. William Sugg's Mot. Dismiss (Mem. in Opp'n"), Ex. A (Aff. of Robert P. Dunn ("Dunn Aff.")) at ¶ 9). Dunn additionally claims to have personally communicated with Sugg with respect to the proposed business combination. (Dunn Aff. at ¶ 5). Plaintiffs maintain that they have sued Sugg in his capacity as Chairman of the Board of Directors of TRG, and that he acted through agents who transacted business in the state of Missouri on behalf of TRG. Thus, Plaintiffs claim that he transacted business in Missouri by virtue of his relationship with the Board of Directors of TRG. Plaintiffs aver that the agreement between Plaintiffs, ROA, TRG, and DIR would have directly benefitted TRG and Sugg personally, arguing that the fees and other benefits he would have received as Chairman of the Board of Directors of TRG were based, in large part, upon TRG's profitable management of ROA. Additionally, argue Plaintiffs, Sugg's failure to properly oversee the actions of officers of TRG and ROA, including the actions of those soliciting the business of plaintiffs in Missouri, and in Sugg communicating with plaintiffs by telephone or otherwise regarding their concerns about the operations of ROA and TRG, are sufficient minimum contacts in Missouri for purposes of personal jurisdiction.

In one of the cases cited by the Plaintiffs, Chromalloy American Corp. v. Elyria Foundry Co., 955 S.W.2d 1 (Mo. 1997), the Missouri Supreme Court held that jurisdiction was proper over a corporation where the corporation's president had twice personally visited Missouri in connection with a business deal. Id. at 2. However, the court only found jurisdiction to be proper over the corporation itself, and did not address jurisdiction over the corporation's president individually, who was not a named party. See Id.; see also Watlow Elec. Mfg. Co. v. Patch Rubber Co., 838 F.2d 999 (8th Cir. 1988)(jurisdiction was proper where a corporation sent materials into the state for

manufacture, notwithstanding the corporation's representative attendance at a meeting in the state;
jurisdiction over the individual representative was not addressed).  In reply, Defendant correctly
argues that the fact that a corporation's employees transact business in a state on behalf of the
corporation does not mean that every corporate officer or director is thereby subjected to the personal
jurisdiction of the state's courts.[1]  Defendant contends that there are no factual allegations sufficient
to support Plaintiffs' claim that those doing business in Missouri were agents of Sugg personally,
or that Sugg stood to benefit personally from the proposed business combination.  Defendant submits
that Plaintiffs' only allegation of an action taken by Sugg is the non-specific "personal
communication" between Sugg and Dunn mentioned in Dunn's Affidavit (Dunn Aff. at ¶ 5), and
point out that the affidavit does not explain when, where, or how the alleged communication took
place and provides no detail as to its substance.

In the case at bar, Plaintiffs have failed to sufficiently allege any contact with Missouri by
Sugg individually.[2]   There is insufficient evidence that others transacted business in Missouri for
Sugg's gain or benefit or to advance his own interests.  Further, Plaintiffs have failed to allege
sufficient facts that support the contention that the acts of other defendants should be imputed to
Sugg for the purposes of establishing personal jurisdiction.  Therefore, there are simply insufficient

---

[1]However, neither does his acting solely in an official capacity insulate him from the jurisdiction of the court. See e.g., Cantrell v. Extradition Corp. of America, et.al., 789 F. Supp. 306, 309-310 (W.D. Mo. 1992)(citing Calder v. Jones, 465 U.S. 783, 790, 104 S. Ct. 1482, 1487, 79 L. Ed. 2d 790 (1984).  To determine jurisdiction, each defendant's contacts with the forum State must be assessed individually. Id.

[2] Relevant contacts are those between the defendant and the forum state, not the defendant and the resident litigant. Institutional Food Marketing Assoc., Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 456 (8th Cir. 1984).  The Plaintiffs' only allegation of Sugg's own action is that Dunn "personally communicated with defendants [including] William T. Sugg [and others] with respect to the proposed business combination." (Dunn Aff. at ¶ 5). The Plaintiffs have failed to specify the manner of communication, who initiated it, and even whether Dunn was in Missouri at the time.

contacts shown by Plaintiffs as to Sugg with the forum state to establish personal jurisdiction. See State ex rel. William Ranni Assoc., Inc. v. Hartenbach, 742 S.W.2d 134, 139 (Mo. 1987)(holding that "because someone in Missouri conceivably could suffer a financial loss as a result of [defendant's] out-of-state activities does not make [defendant] amenable to the courts of this state."). Accordingly, Sugg's motion to dismiss for lack of personal jurisdiction is GRANTED. Based on the Court's decision, the Defendant's motion to dismiss based upon failure to state a claim need not be addressed.

IT IS SO ORDERED this 30 day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 177 in case 2:04-CV-01551 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Robert G. Methvin
MCCALLUM & METHVIN, PC
2201 Arlington Ave., S.
Birmingham, AL 35205

Patrick H. Cantilo
CANTILO & BENNETT LLP
7501-C North Capital Of Texas Highway
Ste. 200
Austin, TX 78731

Jonathan P. Lakey
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Jere L. Beasley
BEASLEY ALLEN CROW METHVIN PORTIS & MILES
P.O. Box 4160
Montgomery, AL 36103--416

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

William H. Farmer
FARMER & LUNA
333 Union St.
Ste. 300
Nashville, TN 37201

Honorable J. Breen
US DISTRICT COURT