UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. 04-MD-1551

This Document Relates To:
All Cases

---

## AMENDED CASE MANAGEMENT ORDER

---

Having considered plaintiffs' motion and accompanying memorandum to begin discovery

in this proceeding, the responses and oppositions thereto, the replies in support thereof, the

comments made by counsel at the June 27, 2006, status conference, and the proposed Amended Case

Management Order submitted by counsel at the Court's request on July 27, 2006, the Court hereby

amends the Initial Case Management Order as follows:

1.    **Pretrial Consolidation and Coordination**

       a.       Subject to further order, for purposes of organization and coordination alone, without

any effect on the merits or procedural status of the claims asserted by plaintiffs or the defenses that

may be asserted by defendants, the following cases (referred to hereinafter as the "Consolidated

Hospital Actions") are consolidated for pretrial purposes, and the plaintiffs in such Consolidated

Hospital Actions have filed a consolidated amended complaint:

       Crenshaw Community Hospital, et al. v. General Reinsurance Corporation, et al.,
       Civil Action No. 03-CV-2696, W.D. Tenn. ("Crenshaw")

       Gateway Regional Health System, Inc., et al. v. General Reinsurance Corporation,
       et al., Civil Action No. 04-CV-314, W.D. Tenn. ("Gateway")

The following case shall be treated as having been consolidated with the Consolidated Hospital

Actions and, if any consolidated amended complaint is filed with leave of court for the Consolidated

Hospital Actions, such amended complaint shall include appropriate allegations regarding the following case:

> Delta Regional Medical Center, et al. v. General Reinsurance Corporation, et al., Civil Action No. 06-CV-2155, W.D. Tenn. ("Delta")

Consolidation of the complaints in the Consolidated Hospital Actions shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure. Any Preliminary Motion (as defined herein) previously filed by any named defendant in response to the consolidated amended complaint filed in the Consolidated Hospital Action shall be deemed to be a Preliminary Motion filed in response to the complaint filed in Delta. Any defendant may file a supplementary Preliminary Motion in response to the Delta complaint within forty-five (45) days of the entry of this order.

      b.     Subject to further order, for purposes of organization and coordination alone, without any effect on the merits or procedural status of the claims asserted by plaintiffs or the defenses that may be asserted by defendants, the following cases (referred to hereinafter as the "Consolidated Lawyer Actions") are consolidated for pretrial purposes, and the plaintiffs in such Consolidated Lawyer Actions have filed a consolidated amended complaint:

> Tommy L. Fullen, et al. v. General Reinsurance Corporation, et al., Civil Action No. 03-CV-2195, W.D. Tenn. ("Fullen")

> Michael A. Jaynes, P.C., et al. v. General Reinsurance Corporation, et al., Civil Action No. 04-2479, W.D. Tenn. ("Jaynes")

Consolidation of the complaints in the Consolidated Lawyer Actions shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

2

c.      Subject to further order, for purposes of organization and coordination alone, without any effect on the merits or procedural status of the claims asserted by plaintiffs or the defenses that may be asserted by defendants, the following cases (referred to hereinafter as the "Consolidated Doctor/Clinic Actions") are consolidated for pretrial purposes, and the plaintiffs in such Consolidated Doctor/Clinic Actions have filed a consolidated amended complaint:

> David Herrick, et al. v. General Reinsurance Corporation, et al., Civil Action No. 03-CV-2705, W.D. Tenn. ("Herrick")

> Schumacher Group, Inc. v. General Reinsurance Corporation, et al., Civil Action No. 04-CV-2410, W.D. Tenn ("Schumacher")

> Christie Clinic, P.C. v. General Reinsurance Corporation, et al., Civil Action No. 03-CV-2859, W.D. Tenn. ("Christie Clinic")

Consolidation of the complaints in the Consolidated Doctor/Clinic Actions shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

d.      The following cases shall not be consolidated, but answer dates, pretrial motion practice, and discovery in all such cases shall be coordinated among them, the Consolidated Hospital Actions, the Consolidated Lawyer Actions, and the Consolidated Doctor/Clinic Actions, to prevent duplication and conflicts:

> Alfred W. Gross v. General Reinsurance Corporation, et al., Civil Action No. 04-CV-2313, W.D. Tenn. ("Gross")

> Paula Flowers v. General Reinsurance Corporation, et al., Civil Action No. 04-CV-2078, W.D. Tenn. ("Flowers")

> Charles Michael Howe, M.D. v. The Jackson County Healthcare Authority, et al., Civil Action No. 05-CV-2984, W.D. Tenn. ("Howe")

> Missouri Hospital Plan, et al. v. Doctors Insurance Reciprocal, et al., Civil Action No. 04-CV-2294, W.D. Tenn. ("MHP")

e.    Collectively, the Consolidated Hospital Actions, the Consolidated Lawyer Actions, and the Consolidated Doctor/Clinic Actions shall be referred to herein as the "Consolidated Policyholder Actions."

f.    The Gross and Flowers actions may be referred to, collectively, as the "Coordinated Receiver Actions."

g.    Collectively, the Consolidated Policyholder Actions, Howe, and MHP may be referred to as the "Other Actions."

h.    Collectively, the Coordinated Receiver Actions and the Other Actions may be referred to as the "Coordinated Actions."

i.    **Master Docket and File.** The clerk will maintain a master docket and case file under the style "In re RECIPROCAL OF AMERICA (ROA) SALES PRACTICES LITIGATION," Master File No. 04-MD-1551. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable. The clerk will maintain a separate docket and case file for each of the Coordinated Actions.

j.    **Captions; Separate Filing.** Orders, pleadings, motions, and other documents will bear a caption similar to that of this Order. If generally applicable to all Coordinated Actions, they shall include in their caption the notation that they relate to "All Cases" and be filed and docketed only in the master file. A document intended to apply only to particular Coordinated Action(s) will indicate in the caption the case number of the Coordinated Action(s) to which it applies, and extra copies shall be provided to the clerk to facilitate filing and docketing, both in the master case file and the specified Coordinated Action(s) file.

k.      **Discovery Requests and Responses.**  Pursuant to FED. R. CIV. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court, or to the extent offered in connection with a motion.

2.      **Admission of Counsel.**  Pursuant to Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L."), any attorney of record in any of the Coordinated Actions may continue to represent his/her clients in this district, and is not required to obtain local counsel in this district.

3.      **Organization of Counsel**

a.      **Plaintiffs.**  Plaintiffs have suggested (I) that Patrick H. Cantilo of Cantilo & Bennett, L.L.P. and Jere L. Beasley of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. act on behalf of plaintiffs in the Coordinated Receiver Actions as plaintiffs' Co-Lead Counsel for the Coordinated Receiver Actions, (ii) that Robert G. Methvin, Jr. of McCallum, Methvin & Terrell, P.C. act on behalf of plaintiffs in the Other Actions as Lead Counsel for the Other Actions, (iii) that M. Jay Rhodes of Baddley & Mauro, L.L.C. act on behalf of the plaintiff Howe as Lead Counsel for Howe, (iv) that William H. Farmer of Farmer & Luna, PLLC act on behalf of all plaintiffs as lead Plaintiffs' Liaison Counsel, and (v) that B. J. Wade of Glassman, Edwards, Wade & Wyatt, P.C. act on behalf of all plaintiffs as assistant Plaintiffs' Liaison Counsel, with the responsibilities prescribed in Attachment B.  Accordingly, the Court designates–

i.      to coordinate with each other to provide the services set forth in paragraph 3 of Attachment B hereto:

(1)     as lead Plaintiffs' Liaison Counsel:

William H. Farmer
Farmer & Luna, PLLC
333 Union Street, Suite 300

5

Nashville, Tennessee  37201
(615) 254-9146
(615) 254-7123 Fax
bfarmer@farmerluna.com

(2)      as assistant Plaintiffs' Liaison Counsel:

B. J. Wade
Glassman, Edwards, Wade & Wyatt, P.C.
26 North Second Street
Memphis, Tennessee  38103
(901) 527-4673
(901) 521-0940 Fax
bwade@gewwlaw.com

ii.      as plaintiffs' Co-Lead Counsel for the Coordinated Receiver Actions:

(1)      Patrick H. Cantilo
Cantilo & Bennett, L.L.P.
7501 North Capital of Texas Highway, Suite C200
Austin, Texas  78731
(512) 478-6000
(512) 404-6550 Fax
phcantilo@cb-firm.com
Lead Counsel for Gross v. General Reinsurance Corporation, et al.,
No. 04-CV-2313

(2)      Jere L. Beasley
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555 Fax
jere.beasley@beasleyallen.com
Lead Counsel for Flowers v. General Reinsurance Corporation, et al.,
No. 04-CV-2078

iii.     as plaintiffs' Lead Counsel for the Other Actions:

Robert G. Methvin, Jr.
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama  35205

6

(205) 939-0199
(205) 939-0399 Fax
rgm@mmlaw.net
Counsel for Crenshaw Community Hospital, Bullock County Hospital, Gateway Regional Health System, Inc., Delta Regional Medical Center, and South Sunflower County Hospital

iv.    as Lead Counsel for Howe:

M. Jay Rhodes
Baddley & Mauro, L.L.C.
2545 Highland Avenue, Suite 100
Birmingham, Alabama  35205
(205) 939-0090
(205) 939-0064 Fax
rhodes@baddleymauro.com

b.    **Defendants.**  Defendants have suggested that Burch, Porter & Johnson, PLLC act on behalf of defendants as Liaison Counsel for all defendants with the responsibilities prescribed in Attachment B, and accordingly, the Court designates–

as Liaison Counsel for all defendants:

Jef Feibelman
Douglas F. Halijan
Burch, Porter & Johnson PLLC
130 N. Court Avenue
Memphis, Tennessee  38103
(901) 524-5000
(901) 524-5024 Fax
jfeibelman@bpjlaw.com
dhalijan@bpjlaw.com
Counsel for General Reinsurance Corporation

c.    **Coordination.**  All parties shall take into account the extent to which the issues relevant to a particular party are limited, giving due regard to the necessity to avoid undue burden and expense for parties whose claims or exposure in this matter are limited.

d.      **Status of <u>MHP</u>.**  Plaintiffs have advised the Court that <u>MHP</u>'s claims comprise a civil action, which arises out of business transactions, and which neither pleads nor seeks class action status.  However, <u>MHP</u> consents to inclusion in the Other Actions group solely for ease of discovery on issues common to its case.  Accordingly, <u>MHP</u> shall be allowed to conduct discovery, make filings, and participate in hearings as to all other issues relevant to <u>MHP</u>'s claims.  <u>MHP</u> shall share expenses with other plaintiffs on a pro-rata basis only as they relate to common issues also relevant to <u>MHP</u>'s claims.

4.      **Service of Documents**

a.      **Orders.**  A copy of each order will be provided to plaintiffs' Liaison Counsel and Lead Counsel for distribution to all plaintiffs' counsel, and to defendants' Liaison Counsel for distribution to all defendants' counsel.

b.      **Pleadings, Motions, and Other Documents.**  Each pleading, motion, or other document filed by a party and all discovery requests and responses shall be served electronically on all other parties in Microsoft Word, ".pdf" or ".tif" format, at the electronic mail addresses indicated on the approved service list, prescribed in Attachment C, or as may be updated periodically.  In the event such pleading, motion, or other filed document or such discovery request or response is voluminous, service shall be effected by overnight express mail.  The production of documents responsive to any discovery requests is not governed by the terms of this paragraph.

5.      **Refinement of Issues.**  This Order provides a schedule for the filing of motions brought in lieu of an answer and, to the extent that any such motions are denied, the filing of answers.

a.      **Suspension of Rules 26(f) and Rule 26(a).**  Pursuant to FED. R. CIV. P. 26(f), 26(a), 16(b), and the <u>Manual for Complex Litigation</u> (Fourth Ed.) (the "Manual") § 11.13, Rules 26(f) and

26(a) are suspended, except to the extent set forth in paragraph 10 of this Order.  No later than thirty (30) days after the deadline by which the last answer shall be filed in each of the Coordinated Actions, all of the parties in all of the Coordinated Actions shall meet and confer for the purposes set forth in FED. R. CIV. P. 26(f).  No later than sixty (60) days after the deadline for such conference, the parties shall report to the Court as required by FED. R. CIV. P. 26(f).

      b.    **Motions Brought in Lieu of an Answer.**  Defendants shall make use of consolidated, joint, individual, or supplemental motions brought in lieu of an answer ("Preliminary Motions") and/or memoranda in support, as appropriate to minimize duplication and conflicts.  A consolidated or joint Preliminary Motion and/or memorandum in support shall indicate the defendant(s) on whose behalf, and the plaintiff(s) against whom, each basis for dismissal is asserted.  A Preliminary Motion (whether consolidated, joint, individual, or supplemental) shall indicate with specificity the complaint or consolidated complaint(s) as to which each basis of relief is asserted.  Plaintiffs shall make use of consolidated, joint, individual, or supplemental responses and/or memoranda in support, as appropriate to minimize duplication and conflicts.  A consolidated or joint response shall indicate the plaintiff(s) on whose behalf, and the Preliminary Motion(s) to which, it responds.  Defendants shall make use of consolidated, joint, individual, or supplemental replies in support of Preliminary Motions, as appropriate, to minimize duplication and conflicts.  A consolidated or joint reply shall indicate the defendant(s) on whose behalf, and the response to which, it replies.

      i.    **Motions Brought in Lieu of an Answer to the First Amended Complaint in <u>Howe</u>.**  Within forty-five (45) days of the entry of an order on Plaintiff Howe's motion to remand, defendants may file any Preliminary Motions to the First Amended Complaint in <u>Howe</u>.  The

plaintiff in <u>Howe</u> may file response(s) to any timely Preliminary Motions within forty-five (45) days of the filing of the Preliminary Motion(s).  A defendant may file a reply in support of a Preliminary Motion to the First Amended Complaint in <u>Howe</u> within thirty (30) days of the filing of the plaintiff's response.

      ii.      **Motions Brought in Lieu of an Answer to the Complaint in <u>Delta</u>.**  Any Preliminary Motion previously filed by any named defendant in response to the consolidated amended complaint filed in the Consolidated Hospital Action shall be deemed to be a Preliminary Motion filed in response to the complaint filed in <u>Delta</u>.  Given that the allegations in <u>Delta</u> are similar to those in <u>Crenshaw</u> and <u>Gateway</u>, any ruling on a Preliminary Motion brought under Rules 12(b)(6) or 9(b) as to <u>Crenshaw</u> and <u>Gateway</u> shall apply to <u>Delta</u> as well.  Any defendant may file a supplementary Preliminary Motion in response to the <u>Delta</u> complaint within forty-five (45) days of the entry of this order.  The plaintiffs in <u>Delta</u> may file response(s) to any timely supplementary Preliminary Motions within forty-five (45) days of the filing of such supplementary Preliminary Motion(s).  A defendant may file a reply in support of a supplementary Preliminary Motion to the Complaint in <u>Delta</u> within thirty (30) days of the filing of the plaintiffs' response.

      iii.      **Motions Brought in Lieu of an Answer to Any Amended Complaint Filed with Leave of Court after June 27, 2006.**  Where the Court grants any plaintiff leave to file an amended complaint after June 27, 2006, defendants may file Preliminary Motions to that amended complaint within forty-five (45) days of the filing of such amended complaint.  The plaintiff may file responses to any timely Preliminary Motions within forty-five (45) days of the filing of the Preliminary Motions.  A defendant may file a reply in support of a Preliminary Motion within thirty (30) days of the filing of the response.

6.     **Amendment of a Complaint With Leave of Court After June 27, 2006.**

If the Court enters an order dismissing all or part of any complaint and grants leave to amend, the plaintiff shall file an amended complaint within sixty (60) days of the latter of:  (a) the date of the last order ruling on any pending motion(s) to dismiss the same complaint, or (b) the date of the last order ruling on any pending motion(s) for reconsideration of an order dismissing all or part of the same complaint, if any such motion for reconsideration is filed.  Notwithstanding the first sentence of this paragraph, the plaintiff in <u>Flowers</u> may file her First Amended Complaint on or before August 11, 2006.

7.     **Answers.**

a.     **If no Preliminary Motions Are Filed to Any Amended Complaint Filed With Leave of Court After June 27, 2006.**   If no defendant files a Preliminary Motion to an amended complaint filed with leave of court after June 27, 2006, all defendants shall file answers to that amended complaint within sixty (60) days of the filing of the amended complaint.  Notwithstanding the first sentence of this paragraph, if no Preliminary Motions are filed to the First Amended Complaint in <u>Flowers</u>, all defendants shall file answers to the First Amended Complaint in <u>Flowers</u> within sixty (60) days of the later of:  (1) the deadline for filing Preliminary Motions to the First Amended Complaint in <u>Flowers</u>, (2) the date of the last order ruling on any pending Preliminary Motion(s) to the original complaint in <u>Flowers</u>, or (3) the date of the last order ruling on any pending motion(s) for reconsideration of an order denying a Preliminary Motion to the original complaint in <u>Flowers</u>, if any such motion for reconsideration is filed.

b.     **If All Preliminary Motions to a Complaint Are Denied**.   In the event that all Preliminary Motions to any complaint are denied, including consolidated, joint, individual, or

11

supplemental Preliminary Motions, all defendants named in that complaint shall file answers to that complaint within sixty (60) days of the later of: (1) the date of the last order denying any pending Preliminary Motion(s) to that complaint, or (2) the date of the last order ruling on any pending motion(s) for reconsideration of an order denying a Preliminary Motion to that complaint, if any such motion for reconsideration is filed.

c.      **If Part of a Complaint is Dismissed But Leave to Amend is Denied**.  In the event that the Court, after ruling on all Preliminary Motions to a given complaint, has dismissed part of a plaintiff's complaint, without directing or permitting the plaintiff to amend such portion of the Complaint, and if such relief does not dispose of plaintiff's complaint in its entirety, all defendants named in that complaint shall file answers, to that portion of the complaint that is not dismissed, within sixty (60) days of the later of: (1) the date of the last order ruling on any pending Preliminary Motion(s) to that complaint, or (2) the date of the last order ruling on any pending motion(s) for reconsideration of the granting or denial of a Preliminary Motion to that same complaint, if any such motion for reconsideration is filed.

d.      **Preliminary Motions and Answers to Counterclaims and Cross-Claims.** Preliminary Motions and answers to any counterclaims, amended counterclaims, cross-claims, or amended cross-claims shall be governed by the same procedures in this order applicable to Preliminary Motions and answers to complaints and amended complaints.  The Court notes that the plaintiff in Gross has filed a motion to strike the cross-claim previously filed by Milliman USA, Inc.

8.      **Other Motions, Responses, and Replies.**  Except to the extent provided in this or any subsequent order of the Court and in lieu of the periods provided in Local Rule 7.2, a response to a pleading or motion for which a response is permitted shall be filed no later than twenty-eight (28)

days after the motion or pleading is filed, and a reply to such response shall be filed no later than

fourteen (14) days after the response is filed, except that a response to a motion for summary

judgment, a Preliminary Motion, or a motion for reconsideration of the granting or denial of a

motion for summary judgment or of a Preliminary Motion shall be filed no later than forty-five (45)

days after the motion is filed, and a reply to such response shall be filed no later than thirty (30) days

after the response is filed.

9.      **Extension of Page Limitations for Motions.**    Except to the extent provided in any

subsequent order of the Court, the following page limitations shall apply in lieu of the 20-page limit

set forth in Local Rule 7.2:

      a.      A Preliminary Motion shall not exceed sixty (60) pages per Preliminary Motion,

      b.      A response to a Preliminary Motion shall not exceed sixty (60) pages per response,

      c.      A reply in support of a Preliminary Motion shall not exceed twenty (20) pages per

reply,

      d.      A motion for summary judgment shall not exceed sixty (60) pages in length exclusive

of exhibits,

      e.      A response to a motion for summary judgment shall not exceed sixty (60) pages in

length exclusive of exhibits, and

      f.      A reply in support of a motion for summary judgment shall not exceed twenty (20)

pages in length exclusive of exhibits.

10.     **Discovery.**    Upon entry of this order and until further order of this Court, discovery shall be

limited to the following:

13

a.    **Discovery While Defendants' Motions to Dismiss Are Still Pending.** To effectuate the coordination of discovery with two collateral Alabama state court proceedings involving similar allegations (*i.e.*, <u>Alabama Hospital Assoc., et al. v. General Reinsurance Corporation, et al.</u>, Case No. CV-2004-1172, filed in the Circuit Court of Montgomery County, Alabama, and <u>Baptist Health System, Inc. v. General Reinsurance Corporation</u>, Case No. CV-2004-1757, filed in the Circuit Court of Montgomery County, Alabama, collectively referred herein as the "Alabama Proceedings"), the discovery set forth in this paragraph 10 will be permitted. <u>See</u> the Manual § 20.14 (explaining that even when related cases pending in different districts cannot be transferred to a single district, judges should encourage techniques that coordinate discovery and avoid duplication).

b.    **Application of Rule 26(a), Rule 26(f), and Rule 16(b).**

Except as provided herein, the application of Rules 26(f) and 16(b) are suspended until such further order of the Court.  As soon as practicable, and no later than twenty (20) days after entry of this order, all of the parties in all of the Coordinated Actions, with the exceptions of Wachovia Bank, National Association ("Wachovia"), Atlantic Security Ltd. ("ASL"), and Richard Witkowski ("Witkowski"), will make the disclosures required by FED. R. CIV. P. 26(a)(1) and, on that date, shall make any documents described in the disclosures available for inspection and/or copying. Wachovia, ASL, and Witkowski each shall make and receive such disclosures, and produce and receive documents described in the disclosures, but only (1) within thirty (30) days of the later of:  (a) the date of the last order ruling on any of that defendant's Preliminary Motions filed on or before forty-five (45) days from the date of entry of this order, but only if one or more of that defendant's Preliminary Motions are denied, or (b) the date of the last order ruling on any pending motion(s) for

reconsideration of the denial of any such Preliminary Motion, if any such motion for reconsideration is filed and denied, or (2) pursuant to further order of this Court.

      c.      **Discovery Related to Personal Jurisdiction.**  Limited pre-answer discovery may be permitted to resolve disputes over personal jurisdiction.  Any request for such discovery shall indicate why the discovery is needed and the specific information or documents sought.

      d.      **Discovery to Preserve Evidence.**  Upon leave of the Court, pre-answer discovery may be permitted upon a showing of necessity to preserve evidence at sufficient risk of being lost in the absence of such pre-answer discovery.  Any request for such discovery shall indicate why the discovery is needed and the specific information or documents sought.

      e.      **Discovery of Documents from Other Parties.**

All parties may submit document requests to other parties, pursuant to FED. R. CIV. P. 34, beginning upon entry of this order, with the exceptions of Wachovia, ASL, and Witkowski, each of whom may serve, or be served with, such requests only (1) within thirty (30) days of the later of: (a) the date of the last order ruling on any of that defendant's pending Preliminary Motions filed on or before forty-five (45) days from the date of entry of this order, but only if one or more of that defendant's Preliminary Motions are denied, or (b) the date of the last order ruling on any pending motion(s) for reconsideration of the denial of any such Preliminary Motion, if any such motion for reconsideration is filed and denied, or (2) pursuant to further order of this Court.

      f.      **Discovery of Documents From Third Parties**.

All parties may serve subpoenas for documents to third parties pursuant to FED. R. CIV. P. 45, beginning upon entry of this order, with the exceptions of Wachovia, ASL, and Witkowski, each of whom may serve such subpoenas, and who may receive documents produced by third parties

pursuant to such subpoenas served by other defendants, only upon the latter of: (1) entry of the last

order ruling on any of that defendant's pending Preliminary Motions filed on or before forty-five

(45) days from the date of entry of this order, but only if one or more of that defendant's Preliminary

Motions are denied, or (2) entry of the last order ruling on any pending motion(s) for reconsideration

of the denial of any such Preliminary Motion, if any such motion for reconsideration is filed and

denied.

      g.    **Use of Documents Produced Under Rules 26, 34, and 45.**  Any party to the

Coordinated Actions may rely upon, introduce in depositions, and seek to introduce into evidence

in the Coordinated Actions any document produced in these cases or the Alabama Proceedings,

subject to the terms of the protective orders and confidentiality orders in the Coordinated Actions,

the Alabama Proceedings, Deputy Receiver of Reciprocal of America and The Reciprocal Group

v. General Reinsurance Corporation, Case No. INS-2006-00122, in the State Corporation

Commission of the Commonwealth of Virginia (which issued a third-party subpoena for purposes

of the Alabama Proceedings), and any other matter in which a protective order or confidentiality

order is entered by a court in connection with the issuance or enforcement of a third-party subpoena

for the Coordinated Actions or the Alabama Proceedings, so long as each such document is

produced to all other parties to the Coordinated Actions (except to the extent that paragraphs 10.b,

10.e, and 10.f of this Order preclude production to certain parties exempted from discovery).

Notwithstanding the other provisions of this paragraph, in no case shall use, reliance, or introduction

of a document have any effect on or prejudice in any way a party currently exempt from discovery

unless the document in question has been previously produced to the party exempt from discovery

against whom another party seeks to use the document (however, attaching the document to a motion filed with the Court shall satisfy the requirement of prior production).

      h.    **Protective Order.**  See Attachment D.

      i.    **Special Agreements.**  All parties shall be under a continuing duty to make prompt disclosure to the Court (and, unless excused by the Court for good cause shown, to other parties) of the existence and terms of all agreements and understandings, formal or informal, absolute or conditional, settling or limiting their rights or liabilities in this litigation.

11.    **Stay of Proceedings Against First Virginia Reinsurance, Ltd.**  The United States Bankruptcy Court for the Eastern District of Virginia has enjoined all proceedings against First Virginia Reinsurance, Ltd.

12.    **Later Filed Cases.**  The terms of this Order, including pretrial consolidation of policyholder actions pursuant to paragraph 1.a, and pretrial coordination of other actions pursuant to paragraph 1.b, shall apply automatically to actions later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims related to the insolvency of Reciprocal of America, American National Lawyers Insurance Reciprocal, Doctors Insurance Reciprocal, The Reciprocal Alliance, and/or any related parties or entities.  In the event any related actions are transferred to this Court for coordination effective after June 27, 2006, the parties will request entry of a supplemental order to determine relevant dates for motions, answers, and any other pretrial proceedings.

13.    **Trial.**  In a subsequent Order, the Court shall set a trial date for cases to be tried in this Court, and a remand date for cases to be suggested for remand pursuant to 28 U.S.C. § 1407 after conclusion of the coordinated pretrial proceedings in this Court.

Dated: <u>August 10, 2006</u>          <u>s/ J. DANIEL BREEN</u>
                                                      J. Daniel Breen, United States District Judge


Attachments:
          A - List of Coordinated Cases
          B - Responsibilities of Designated Counsel
          C - Approved Electronic Service List
          D - Confidentiality Order

<u>**ATTACHMENT A**</u>

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. 04-MD-1551

This Document Relates To:
All Cases

---

**LIST OF COORDINATED ACTIONS**

---

<u>**Coordinated Receiver Actions**</u>

<u>Alfred W. Gross v. General Reinsurance Corporation, et al.</u>, Civil Action No. 04-CV-2313, W.D. Tenn. ("<u>Gross</u>")

<u>Paula Flowers v. General Reinsurance Corporation, et al.</u>, Civil Action No. 04-CV-2078, W.D. Tenn. ("<u>Flowers</u>")

<u>**Other Actions**</u>

<u>**Consolidated Hospital Actions**</u>

<u>Crenshaw Community Hospital, et al. v. General Reinsurance Corporation, et al.</u>, Civil Action No. 03-CV-2696, W.D. Tenn. ("<u>Crenshaw</u>")

<u>Delta Regional Medical Center, et al. v. General Reinsurance Corporation, et al.</u>, Civil Action No. 06-CV-2155, W.D. Tenn. ("<u>Delta</u>")

<u>Gateway Regional Health System, Inc., et al. v. General Reinsurance Corporation, et al.</u>, Civil Action No. 04-CV-314, W.D. Tenn. ("<u>Gateway</u>")

<u>**Consolidated Lawyer Actions**</u>

<u>Tommy L. Fullen, et al. v. General Reinsurance Corporation, et al.</u>, Civil Action No. 03-CV-2195, W.D. Tenn. ("<u>Fullen</u>")

<u>Michael A. Jaynes, P.C., et al. v. General Reinsurance Corporation, et al.</u>, Civil Action No. 04-2479, W.D. Tenn. ("<u>Jaynes</u>")

19

**Consolidated Doctor/Clinic Actions**

David Herrick, et al. v. General Reinsurance Corporation, et al., Civil Action No. 03-CV-2705, W.D. Tenn. ("Herrick")

Schumacher Group, Inc. v. General Reinsurance Corporation, et al., Civil Action No. 04-CV-2410, W.D. Tenn ("Schumacher")

Christie Clinic, P.C. v. General Reinsurance Corporation, et al., Civil Action No. 03-CV-2859, W.D. Tenn. ("Christie Clinic")

**MHP**

Missouri Hospital Plan, et al. v. Doctors Insurance Reciprocal, et al., Civil Action No. 04-CV-2294, W.D. Tenn. ("MHP")

**Howe**

Charles Michael Howe, M.D. v. The Jackson County Healthcare Authority, et al., Civil Action No. 05-CV-2984, W.D. Tenn. ("Howe")

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. 04-MD-1551

This Document Relates To:
All Cases

**RESPONSIBILITIES OF DESIGNATED COUNSEL**

1.     **Plaintiffs' Co-Lead Counsel for the Coordinated Receiver Actions.** Plaintiffs' Co-Lead

Counsel for the Coordinated Receiver Actions shall be generally responsible for coordinating the

activities of the plaintiffs in the Coordinated Receiver Actions during pretrial proceedings and shall

(after such consultation with plaintiffs' Lead Counsel for the Other Actions, and other Co-Counsel

as may be appropriate to avoid duplication and conflicts):

a.     determine and present (in briefs, oral argument, or such other fashion as may be

appropriate, personally or by a designee) to the Court and opposing parties the positions of the

plaintiffs in the Coordinated Receiver Actions on all matters arising during pretrial proceedings,

b.     coordinate the initiation and conduct of discovery on behalf of the plaintiffs in the

Coordinated Receiver Actions consistent with the requirements of the Amended Case Management

Order, as the Court may amend it periodically by subsequent case management orders, including the

preparation of joint interrogatories and requests for production of documents, and the examination

of witnesses in depositions,

21

c.      conduct settlement negotiations on behalf of the plaintiffs in the Coordinated Receiver Actions, but not enter binding agreements except to the extent expressly authorized,

d.      delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs in the Coordinated Receiver Actions is conducted effectively, efficiently, and economically,

e.      enter into stipulations, with Opposing Counsel, necessary for the conduct of the litigation,

f.      prepare and distribute to the parties periodic status reports,

g.      maintain adequate time and disbursement records covering services as plaintiffs' Co-Lead Counsel for the Coordinated Receiver Actions,

h.      monitor the activities of plaintiffs' Lead Counsel for the Other Actions to ensure that schedules are met, and unnecessary expenditures of time and funds are avoided, and

i.      perform such other duties as may be incidental to proper coordination of the pretrial activities of the plaintiffs in the Coordinated Receiver Actions, or authorized by further order of the Court.

If, and to the extent that, plaintiffs' Co-Lead Counsel for the Coordinated Receiver Actions disagree with each other, or the plaintiffs in the two Coordinated Receiver Actions have individual or divergent positions, each of the plaintiffs' Co-Lead Counsel for the Coordinated Receiver Actions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client as appropriate, provided that in doing so they do not repeat each other's arguments, questions, or actions.

2.      **Plaintiffs' Lead Counsel for the Other Actions.**  Plaintiffs' Lead Counsel for the Other Actions shall be generally responsible for coordinating the activities of the plaintiffs in the Other Actions during pretrial proceedings and shall (after such consultation with plaintiffs' Co-Lead Counsel for the Coordinated Receiver Actions, and other Co-Counsel as may be appropriate to avoid duplication and conflicts):

a.      determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the positions of the plaintiffs in the Other Actions on all matters arising during pretrial proceedings,

b.      coordinate the initiation and conduct of discovery on behalf of the plaintiffs in the Other Actions consistent with the requirements of the Initial Case Management Order, as the Court may amend it periodically by subsequent case management orders, including the preparation of joint interrogatories and requests for production of documents, and the examination of witnesses in depositions,

c.      conduct settlement negotiations on behalf of the plaintiffs in the Other Actions, but not enter binding agreements except to the extent expressly authorized,

d.      delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs in the Other Actions is conducted effectively, efficiently, and economically,

e.      enter into stipulations, with Opposing Counsel, necessary for the conduct of the litigation,

f.      prepare and distribute to the parties periodic status reports,

g.      maintain adequate time and disbursement records covering services as plaintiffs' Lead Counsel for the Other Actions,

h.      monitor the activities of plaintiffs' Co-Lead Counsel for the Coordinated Receiver Actions to ensure that schedules are met and unnecessary expenditures of time and funds are avoided, and

i.      perform such other duties as may be incidental to proper coordination of the pretrial activities of the plaintiffs in the Other Actions, or authorized by further order of the Court.

Counsel for plaintiffs in the Other Actions who disagree with plaintiffs' Lead Counsel for the Other Actions (or those acting on behalf of plaintiffs' Lead Counsel for the Other Actions), or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of plaintiffs' Lead Counsel for the Other Actions.

3.      **Plaintiffs' Liaison Counsel.**  Plaintiffs' Liaison Counsel shall:

a.      maintain and distribute to Co-Counsel and to the defendants' Liaison Counsel an up-to-date service list,

b.      receive and, as appropriate, distribute to Co-Counsel orders from the Court and documents from opposing parties and counsel,

c.      maintain and make available to Co-Counsel at reasonable hours a complete file of all documents served by, or upon, each party, except such documents as may be available at a document depository,

d.      call meetings of Co-Counsel for the purpose of coordinating discovery, presentations at pretrial conferences, and other pretrial activities, and

      e.      maintain adequate time and disbursement records covering services as plaintiffs' Liaison Counsel.

4.      **Defendants' Liaison Counsel.**  Defendants' Liaison Counsel shall:

      a.      maintain and distribute to Co-Counsel and to plaintiffs' Liaison Counsel an up-to-date service list,

      b.      receive and, as appropriate, distribute to Co-Counsel orders from the Court and documents from opposing parties and counsel, and

      c.      as necessary, coordinate with Liaison or Lead Counsel for plaintiffs, and with defendants' counsel concerning the scheduling of depositions and hearings.

5.      **Privileges Preserved.**  No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

Dated: <u>August 10, 2006</u>          <u>s/ J. DANIEL BREEN</u>
                                        J. Daniel Breen, United States District Judge

**ATTACHMENT C**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. 04-MD-1551

This Document Relates To:
All Cases

---

**SERVICE LIST**

---

Patrick H. Cantilo, Esquire
CANTILO & BENNETT, L.L.P.
7501 North Capital of Texas Highway, Suite C200
Austin, Texas  78731
(512) 478-6000
(512) 404-6550 Fax
phcantilo@cb-firm.com
Counsel for the Deputy Receiver of Reciprocal of America and The Reciprocal Group

John L. Ryder, Esquire
HARRIS, SHELTON, HANOVER, WALSH
2700 One Commerce Square
Memphis, Tennessee  38103
(901) 525-1455
(901) 526-4084 Fax
jryder@harrisshelton.com
Counsel for the Deputy Receiver of Reciprocal of America and The Reciprocal Group

John A. Conrad, Esquire
JoAnne L. Nolte, Esquire
THE CONRAD FIRM, P.C.
1508 West Main Street
Richmond, Virginia  23220
(804) 359-6062
(804) 359-6064 Fax
jconrad@theconradfirm.com
jnolte@theconradfirm.com
Counsel for the Deputy Receiver of Reciprocal of America and The Reciprocal Group

Jere L. Beasley, Esquire
W. Daniel Miles III, Esquire
Joseph H. Aughtman, Esquire
Clinton C. Carter, Esquire
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555 Fax
jere.beasley@beasleyallen.com
dee.miles@beasleyallen.com
jay.aughtman@beasleyallen.com
clint.carter@beasleyallen.com
Counsel for Commissioner Paula A. Flowers

William H. Farmer, Esquire
J. W. Luna, Esquire
FARMER & LUNA, PLLC
333 Union Street, Suite 300
Nashville, Tennessee  37201
(615) 254-9146
(615) 254-7123 Fax
bfarmer@farmerluna.com
jwluna@farmerluna.com
Counsel for Commissioner Paula A. Flowers

Dennis E. Goldasich, Esquire
Erby J. Fischer, Esquire
CROSS, POOLE, GOLDASICH & FISCHER, LLC
Morgan Keegan Center
2900 Highway 280, Suite 200
Birmingham, Alabama  35223
(205) 423-8504
(205) 423-8510 Fax
dgoldasich@cpgf-law.com
efischer@cpgf-law.com
Counsel for Commissioner Paula A. Flowers

B. J. Wade, Esquire
James F. Horner, Esquire
GLASSMAN, EDWARDS, WADE & WYATT, P.C.
26 North Second Street
Memphis, Tennessee  38103
(901) 527-4673
(901) 521-0940 Fax
bwade@gewwlaw.com
jhorner@gewwlaw.com
Counsel for Tommy L. Fullen, Michael A. Jaynes, P.C., and Michael A. Jaynes

Jeffrey Hyatt Blaylock, Esquire
Jeffrey Owen Parshall, Esquire
FORD, PARSHALL & BAKER
608 E. Walnut Street
P.O. Box 1097
Columbia, Missouri  65205-1097
(573) 449-2613
(573) 875-8154 Fax
jblaylock@fpb-law.com
jparshall@fpb-law.com
Counsel for Milliman USA, Inc.

Edward M. Wagner, Esquire
Keith E. Fruehling, Esquire
HEYL, ROYSTER, VOELKER & ALLEN
102 E. Main Street, Suite 300 (61801)
P.O. Box 129
Urbana, Illinois  61803-0129
(217) 344-0060
(217) 344-9295 Fax
ewagner@hrva.com
kfruehling@hrva.com
Counsel for Milliman USA, Inc.

Sarah A. Huck, Esquire
Sandra Zunker Brown, Esquire
Stephen T. Jacobs, Esquire
R. Timothy Muth, Esquire
REINHART, BOERNER & VAN DEUREN
1000 North Water Street, Suite 2100 (53202)
P.O. Box 2965
Milwaukee, Wisconsin  53201-2965
(414) 298-1000
(414) 298-8097 Fax
shuck@reinhartlaw.com
sbrown@reinhartlaw.com
sjacobs@reinhartlaw.com
tmuth@reinhartlaw.com
Counsel for Milliman USA, Inc. and Robert L. Sanders

Leo Bearman, Jr., Esquire
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
2000 First Tennessee Bank Building
165 Madison Avenue
Memphis, Tennessee  38103
(901) 526-2000
(901) 577-0717 Fax
lbearman@bakerdonelson.com
Counsel for Milliman USA, Inc. and Robert L. Sanders

Laura E. Proctor, Esquire
Marion F. Walker, Esquire
Harriet Thomas Ivy, Esquire
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 SouthTrust Tower
420 20th Street North
Birmingham, Alabama  35203
(205) 244-3804
(205) 488-3804 Fax
lproctor@bakerdonelson.com
mwalker@bakerdonelson.com
hivy@bakerdonelson.com
Counsel for Milliman USA, Inc. and Robert L. Sanders

Brickford Y. Brown, Esquire
C. Dewayne Lonas, Esquire
MORAN, KIKER & BROWN, P.C.
4110 East Parham Road
Richmond, Virginia  23228
(804) 421-6250
(804) 421-6251 Fax
bybrown@morankikerbrown.com
dlonas@morankikerbrown.com
Counsel for Milliman USA, Inc. and Robert L. Sanders

Frank N. Cowan, Esquire
Deborah S. O'Toole, Esquire
COWAN & OWEN, P.C.
1930 Huguenot Road
P.O. Box 35655
Richmond, Virginia  23235
(804) 320-9100
(804) 330-3140 Fax
fcowan@cowanowen.com
dotoole@cowanowen.com
Counsel for Ronald K. Davis

Douglas W. Davis, Esquire
Peter S. Partee, Esquire
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219-4074
(804) 788-8484
(804) 788-8218 Fax
ddavis@hunton.com
ppartee@hunton.com
Counsel for General Reinsurance Corporation

Joseph E. Coughlin, Esquire
Ronald M. Lepinskas, Esquire
Andrew R. Gifford, Esquire
LORD, BISSELL & BROOK LLP
115 South LaSalle Street
Chicago, Illinois  60603
(312) 443-0700
(312) 896-6475 Fax
jcoughlin@lordbissell.com
rlepinskas@lordbissell.com
agifford@lordbissell.com
Counsel for General Reinsurance Corporation

W. J. Michael Cody, Esquire
Jef Feibelman, Esquire
Douglas F. Halijan, Esquire
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, Tennessee  38103
(901) 524-5000
(901) 524-5024 Fax
mcody@bpjlaw.com
jfeibelman@bpjlaw.com
mhalijan@bpjlaw.com
Counsel for General Reinsurance Corporation

G. Brian Jackson, Esquire
Robert L. Trentham, Esquire
MILLER & MARTIN, LLP
150 Fourth Avenue, North
1200 One Nashville Place
Nashville, Tennessee  37219
(615) 744-8505
(615) 256-8197 Fax
bjackson@millermartin.com
rtrentham@millermartin.com
Counsel for William T. Sugg

31

E. Duncan Getchell, Jr., Esquire
R. Gordon Smith, Esquire
H. Carter Redd, Esquire
McGUIRE WOODS, LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219
(804) 775-1000
(804) 698-2176 Fax
dgetchell@mcguirewoods.com
gsmith@mcguirewoods.com
credd@mcguirewoods.com
Counsel for First Virginia Reinsurance, Ltd., Atlantic Security Ltd., and Richard Witkowski

Thomas Lang Wiseman, Esquire
WISEMAN BIGGS BRAY PLLC
1665 Bonnie Lane, Suite 106
Memphis, Tennessee  38016
(901) 372-5003
(901) 383-6599 Fax
lwiseman@wbblawfirm.com
Counsel for First Virginia Reinsurance, Ltd., Atlantic Security Ltd., and Richard Witkowski

David M. Harris, Esquire
Ryan J. Gavin, Esquire
GREENSFELDER, HEMKER & GALE, PC
10 South Broadway, Suite 2000
St. Louis, Missouri  63102-1774
(314) 241-9090
(314) 345-5465 Fax
dmh@greensfelder.com
rjg@greensfelder.com
Counsel for Gerald D. Wages

J. Jonathan Schraub, Esquire
Paige A. Levy, Esquire
Danny M. Howell, Esquire
SANDS ANDERSON MARKS & MILLER, P.C.
1481 Chain Bridge Road, Suite 200
McLean, Virginia  22101
(703) 893-3600
(703) 893-8484 Fax
jjschraub@sandsanderson.com
plevy@sandsanderson.com
dhowell@sandsanderson.com
Counsel for John William Crews and Judith A. Kelley

David Wade, Esquire
MARTIN TATE MORROW & MARSTON
22 North Front Street, Suite 1100
Memphis, Tennessee  38103-1182
(901) 522-9000
(901) 527-3746 Fax
dwade@martintate.com
Counsel for John William Crews and Judith A. Kelley

John Alec Henig, Jr., Esquire
Robert D. Segall, Esquire
Shannon L. Holliday, Esquire
COPELAND FRANCO SCREWS & GILL, PA
444 South Perry Street (36104)
P.O. Box 347
Montgomery, Alabama  36101-0347
(334) 834-1180
(334) 834-3172 Fax
henig@copelandfranco.com
segall@copelandfranco.com
holliday@copelandfranco.com
Counsel for John William Crews

Michael A. Dallmeyer, Esquire
HENDREN & ANDRAE, LLC
Riverview Office Center
221 Bolivar Street, Suite 300
P.O. Box 1069
Jefferson City, Missouri  65102-1069
(573) 636-8135
(573) 636-5226 Fax
madallmeyer@hendrenandrae.com
Counsel for John William Crews and Judith A. Kelley

Russell E. Reviere, Esquire
RAINEY, KIZER, REVIERE & BELL, PLC
105 Highland Avenue South
P.O. Box 1147
Jackson, Tennessee 38302-1147
(731) 423-2414
(731) 426-8111 Fax
rreviere@raineykizer.com
Counsel for Crews & Hancock, P.L.C.

Kevin R. Huennekens, Esquire
Peter J. Barrett, Esquire
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
(804) 343-5234
(804) 783-6192 Fax
kevin.huennekens@kutakrock.com
peter.barrett@kutakrock.com
Counsel for Wachovia Bank, NA

Alan D. Strasser, Esquire
Ellen Bass, Esquire
KUTAK ROCK LLP
1101 Connecticut Ave., NW, Suite 1000
Washington, D.C.  20036-4374
(202) 828-2417
(202) 828-2488 Fax
alan.strasser@kutakrock.com
ellen.bass@kutakrock.com
Counsel for Wachovia Bank, NA

John S. Morris, III, Esquire
BEALE, DAVIDSON, ETHERINGTON & MORRIS, P.C.
701 East Franklin Street, Suite 1200
Richmond, Virginia 23219
(804) 788-1500
(804) 788-0135 Fax
jmorris@bealelaw.com
Counsel for PricewaterhouseCoopers LLP and Gary Stephani

Anne P. Wheeler, Esquire
William D. Jones III, Esquire
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203
(205) 458-9400
(205) 458-9500 Fax
awheeler@jbpp.com
wjones@jbpp.com
Counsel for PricewaterhouseCoopers LLP

Diana L. Weiss, Esquire
Kenneth Y. Turnbull, Esquire
Meredith Moss, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
Washington Harbour
3050 K Street, NW
Washington, D.C. 20007
(202) 339-8400
(202) 339-8500 Fax
dweiss@orrick.com
kturnbull@orrick.com
mmoss@orrick.com
Counsel for PricewaterhouseCoopers LLP and Gary Stephani

John I. Houseal, Jr., Esquire
GLANKLER BROWN, PLLC
1700 One Commerce Square, Suite 1700
Memphis, Tennessee 38103
(901) 525-1322
(901) 525-2389 Fax
jhouseal@glankler.com
Counsel for PricewaterhouseCoopers LLP and Gary Stephani

Douglas M. Palais, Esquire
Tamara L. Tucker, Esquire
LECLAIR RYAN, P.C.
707 East Main Street, 11th Floor
Richmond, Virginia  23219
(804) 916-7142
(804) 916-7242 Fax
dpalais@leclairryan.com
ttucker@leclairryan.com
Counsel for Richard W.E. Bland

John J. Heflin, III, Esquire
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue, Suite 100
Memphis, Tennessee  38119
(901) 683-3526
(901) 763-1037 Fax
johnheflin@bhamplc.com
Counsel for Richard W.E. Bland

Charles F. Witthoefft, Esquire
Michael P. Falzone, Esquire
HIRSCHLER FLEISCHER, P.C.
The Federal Reserve Bank Building
701 East Byrd Street
P.O. Box 500
Richmond, Virginia  23218-0500
(804) 771-9500
(804) 644-0957 Fax
rwitthoefft@hf-law.com
mfalzone@hf-law.com
Counsel for Kenneth R. Patterson and Carolyn B. Hudgins

John C. Speer, Esquire
Clarence A. Wilbon, Esquire
Stephen W. Ragland, Esquire
BASS BERRY & SIMS, PLC
The Tower at Peabody Place
100 Peabody Place, Suite 900
Memphis, Tennessee  38103
(901) 543-5900
(901) 543-5999 Fax
jspeer@bassberry.com
cwilbon@bassberry.com
sragland@bassberry.com
Counsel for Kenneth R. Patterson and Carolyn B. Hudgins

James R. Seale, Esquire
HILL, HILL, CARTER, FRANCO, COLE & BLACK, PC
425 South Perry Street (36104)
P.O. Box 116
Montgomery, Alabama  36101-0116
(334) 834-7600
(334) 263-5969 Fax
jrs@hillhillcarter.com
Counsel for Kenneth R. Patterson

Kevin M. O'Hagan, Esquire
O'HAGAN, SMITH & AMUNDSON, LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
(312) 894-3200
(312) 894-3210 Fax
kohagan@osalaw.com
Counsel for Thomas K. Smith

Joseph W. Phebus, Esquire
Gary D. Forrester, Esquire
Daniel J. Pope, Esquire
PHEBUS & KOESTER
136 W. Main Street
Urbana, Illinois  61801
(217) 337-1400
(217) 337-1607 Fax
jwphebus@phebuslaw.com
gforrester@phebuslaw.com
dpope@phebuslaw.com
Counsel for Christie Clinic, PC, David Herrick, The Schumacher Group, Inc. and The Schumacher
Group of Louisiana, Inc.


Robert G. Methvin, Jr., Esquire
J. Matthew Stephens, Esquire
MCCALLUM, METHVIN & TERRELL, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama  35205
(205) 939-0199
(205) 939-0399 Fax
rgm@mmlaw.net
mstephens@mmlaw.net
Counsel for Crenshaw Community Hospital, Bullock County Hospital, Gateway Regional Health
System, Inc., Delta Regional Medical Center, and South Sunflower County Hospital


Edward M. Bearman, Esquire
JOHNSON & GRUSIN, LLC
780 Ridge Lake Boulevard, Suite 202
Memphis, Tennessee  38120
(901) 682-3450
(901) 682-3590 Fax
ebearman@jglawfirm.com
Counsel for Crenshaw Community Hospital, Bullock County Hospital, and Gateway Regional
Health System, Inc.

Myron C. Penn, Esquire
L. Shane Seaborn, Esquire
PENN & SEABORN LLC
P.O. Box 688
Clayton, Alabama  36016
(334) 775-9778
(334) 775-9779 Fax
myronpenn28@hotmail.com
sseaborn1@yahoo.com
Counsel for Crenshaw Community Hospital and Bullock County Hospital

Nicholas Gachassin, III, Esquire
GACHASSIN LAW FIRM, LLP
200 Corporate Boulevard, Suite 103 (70508)
P.O. Box 80369
Lafayette, Louisiana  70598
(337) 235-4576
(337) 235-5003 Fax
nick3@gachassin.com
Counsel for The Schumacher Group, Inc. and The Schumacher Group of Louisiana, Inc.

Andrew B. Campbell, Esquire
J. Graham Matherne, Esquire
Jack F. Marlow, Esquire
William W. Gibson, Esquire
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
(615) 251-6708
(615) 256-1726 Fax
acampbell@wyattfirm.com
gmatherne@wyattfirm.com
jmarlow@wyattfirm.com
bgibson@wyattfirm.com
Counsel for J. Knox Walkup, Special Deputy Receiver of Doctors Insurance Reciprocal, RRG

Leslie F. Shechter, Esquire
FARMER & LUNA, PLLC
333 Union Street, Suite 300
Nashville, Tennessee  37201
(615) 254-9146
(615) 254-7123 Fax
lshechter@farmerluna.com
Counsel for Michael D. Pearigen, Special Deputy Receiver for The Reciprocal Alliance, RRG

Kathryn A. Stephenson, Esquire
Paul W. Ambrosius, Esquire
TRAUGER, NEY & TUKE
The Southern Turf Building
222 Fourth Avenue North
Nashville, Tennessee  37219-2117
(615) 256-8585
(615) 256-7444 Fax
kstephenson@tntlaw.net
pambrosius@tntlaw.net
Counsel for Robert S. Brandt, Special Deputy Receiver for American National Lawyers Insurance
Reciprocal, RRG

Michael L. Robb, Esquire
THOMASON, HENDRIX, HARVEY, JOHNSON & MITCHELL, PLLC
2900 One Commerce Square
40 S. Main Street
Memphis, Tennessee  38103
(901) 525-8721
(901) 525-6722 Fax
robbm@thomasonlaw.com
Counsel for Missouri Hospital Plan, Hospital Services Group, Inc., Healthcare Services Association,
Providers Insurance Consultants, and Medical Liability Alliance

Dana L. Frese, Esquire
Ron McMillin, Esquire
CARSON & COIL, P.C.
515 E. High Street
P.O. Box 28
Jefferson City, Missouri  65102
(573) 636-2177
(573) 636-7119 Fax
dana.f@carsoncoil.com
ronenofile@aol.com
Counsel for Missouri Hospital Plan, Hospital Services Group, Inc., Healthcare Services Association,
Providers Insurance Consultants, and Medical Liability Alliance

M. Jay Rhodes, Esquire
BADDLEY & MAURO, L.L.C.
2545 Highland Avenue, Suite 100
Birmingham, AL 35205
(205) 939-0090
(205) 939-0064 Fax
rhodes@baddleymauro.com

Counsel for Charles Michael Howe, M.D.

James G. Thomas, Esq.
NEAL & HARWELL, PLC
150 Fourth Avenue, North
Suite 2000
Nashville, TN 37219
jthomas@nealharwell.com
Counsel for Thomas M. Reindel, Victoria J. Seeger, Christopher Migel and Tommy N. Kellogg

Matthew J. Herrington, Esq.
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
mherrington@steptoe.com
Counsel for Gordon D. McLean

<u>**ATTACHMENT D**</u>

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. 04-MD-1551

This Document Relates To:
All Cases

---

**PROTECTIVE ORDER**

---

1.     This protective order (the "Protective Order") governs the treatment of all documents,
depositions and deposition exhibits, interrogatory answers, responses to requests for admissions and
other written, recorded, computerized, electronic or graphic matter, copies, excerpts or summaries
of documents ("Discovery Material") produced by any party or non-party (a "Producing Party") in
the above-captioned matters ("Action") in accordance with the procedures set forth below or that
otherwise are relevant under the terms hereof.

2.     Some Discovery Material that will be produced in this Action has already been
produced in the "Alabama Cases" [which consist of <u>Alabama Hospital Association, et al. v. General
Reinsurance Corporation, et al.</u>, Case No. CV-2004-1172 (Cir. Ct. Montgomery County, Ala.), and
<u>Baptist Health System, Inc. v. General Reinsurance Corporation, et al.</u>, Case No. CV-2004-1757
(Cir. Ct. Montgomery County, Ala.)], or in subpoena proceedings in the Alabama Cases, including,
but not limited to, <u>Deputy Receiver of Reciprocal of America and The Reciprocal Group v. General
Reinsurance Corporation</u>, Case No. INS-2006-00122 (Virginia State Corporation Commission),
subject to protective orders in the Alabama Cases or the subpoena proceedings.  These documents

42

may bear a designation applied in the other case or proceeding. Discovery Material produced in this Action that is designated by stamping or affixing the legend "SUBJECT TO PROTECTIVE ORDER, CASE NO. 04-MD-1551," "SUBJECT TO PROTECTIVE ORDER, CASE NO. CV-2004-1172," "SUBJECT TO PROTECTIVE ORDER, CASE NO. INS-2006-00122," or "SUBJECT TO PROTECTIVE ORDER" on the face of each document and on each page or portion thereof so designated shall be used ONLY for the prosecution and/or defense of this Action or the Alabama Cases and shall not be disclosed by the receiving party to any person, other than to those who are involved in this Action or the Alabama Cases under the terms of a confidentiality order in the Alabama Cases or the subpoena proceedings or, pursuant to the terms of this Order, to a person who executes an undertaking to be bound in the form attached as Appendix A hereto prior to the disclosure of any such Discovery Material. Counsel of record for the receiving party shall retain the original of such signed undertaking for potential in camera review upon a showing of good cause.

3.      Reference herein to any category or type of Discovery Material is not intended to and shall not be construed as an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

4.      Any Producing Party may designate as "Confidential" any Discovery Material that constitutes either: (1) trade secret or other confidential research, development, or commercial information, (2) confidential, non-public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical and banking information, or (3) any other type of document or material which has been ruled or recognized as being of the type entitled to protection under FED. R. CIV. P. 26(c)(7) or an

43

analogous state provision. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials." Any such designation may be made only when the Producing Party has a good faith basis for considering the Discovery Material to constitute confidential Discovery Material. All Discovery Material so designated and all information derived therefrom shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

5.     All Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the face of the document and on each page or portion thereof so designated. Any such designation shall subject the document, its contents, and any portion thereof, to this Protective Order without any further act on the part of the Producing Party. The foregoing notwithstanding, all protected health information and personally identifiable health information, as such terms are used in 45 C.F.R. parts 160 and 164, and non-public and other personal information protected by 15 U.S.C. § 6801, et seq., and regulations promulgated thereunder, shall be treated as Confidential Discovery Material even if it is not stamped or affixed with the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the face of the document and on each page or portion thereof so designated.

6.     The following two categories of documents are believed to be included among the Discovery Material:  (1) files of the law firm of Crews & Hancock, P.L.C. ("C&H), related to C&H's pre-receivership legal services for Reciprocal of America ("ROA"), The Reciprocal Group ("TRG"), Doctors Insurance Reciprocal, Risk Retention Group ("DIR"), American National

44

Lawyers Reciprocal Group, Risk Retention Group ("ANLIR"), The Reciprocal Alliance, Risk Retention Group ("TRA"), First Virginia Reinsurance, Ltd. ("FVR"), and/or their subsidiaries, which C&H delivered to the Deputy Receiver or ROA/TRG early in the receivership of ROA/TRG, and which C&H asserts may contain confidential privileged information as to which the privilege is held by a C&H client other than ROA, TRG, DIR, ANLIR, TRA, or FVR, and (2) claims files of C&H, ROA, TRG, DIR, ANLIR, or TRA that may contain confidential privileged information as to which the privilege is held by a person insured under a policy issued by ROA, TRG, DIR, ANLIR, or TRA, regarding a claim or matter as to which the insurer and the insured shared a common litigation interest (collectively, the documents in categories (1) and (2) are referred to herein as "Third-Party Material"). A Producing Party may produce Third-Party Material, and such production shall not be deemed to result in a waiver by any "Third Party" (*i.e.*, a person other than the Producing Party) of such Third Party's right to assert privilege as to any Third-Party Material. All persons inspecting and/or copying Discovery Material shall make a good faith effort to identify Discovery Material that appears to include Third-Party Material and shall treat such identified Third-Party Material as "Confidential Discovery Material," as such term is defined by the Protective Order, whether or not such Third-Party Material is marked "Subject to Protective Order" or "Confidential." All parties, any Third Party, and any other person shall retain their respective rights to assert any privilege, or to oppose any assertion of privilege, in any legal proceeding, as to such Third-Party Material.

7.      Discovery Material designated as Confidential Discovery Material by this Protective Order, or information derived therefrom, may be disclosed or made available without written consent from the Producing Party ONLY to the following persons:

a.    Counsel of record in this Action, including employees of such law firms, other outside counsel associated with counsel of record in the representation of a party in this Action and in-house counsel and legal assistants employed by a party to this Action and providing services in connection with this Action, provided that all such persons shall be bound by the provisions of this Protective Order,

b.    All parties of record to this Action, including employees, officers, and directors of any party, who assist in the prosecution or defense of the Action, provided that such person(s) execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party upon a showing of good cause,

c.    Testifying or non-testifying experts, consultants, and potential non-party witnesses or deponents in this Action and their counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation or discovery, provided that any such persons and any such counsel execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the Producing Party upon a showing of good cause,

d.    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony, and

e.    Any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

8.    Confidential Discovery Material may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material, or pursuant to a subpoena or court order in another action during the pendency of this action provided that the party receiving such subpoena or court order gives prompt notice to the Producing Party so that the Producing Party has an opportunity to seek relief from the subpoena or court order.  Other than as set forth in the preceding sentence, Confidential Discovery Material shall not be used or employed for any other purpose whatsoever. Counsel for the parties or other individuals who execute Appendix A hereto in accordance with this Protective Order are restrained from using, disclosing, or otherwise divulging Confidential Discovery Material, as well as the information derived from such material, in the prosecution or defense of any case or other proceeding other than this Action. Confidential Discovery Material shall be used only for those purposes delineated above, and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Protective Order.

9.    The inadvertent failure to designate Discovery Material as Confidential in no way alters or waives the protected and Confidential nature of the Discovery Material otherwise deserving of a Confidential designation and does not remove it from the scope of this Protective Order once it is properly designated by stamp or written notification as provided herein. Upon the discovery of an inadvertent production of Confidential Discovery Material without the appropriate designation, the Producing Party shall promptly provide a replacement copy of such Discovery Material with the

47

appropriate "Confidential" designation. The unmarked Discovery Material shall be immediately returned to the Producing Party upon receipt of the replacement copy. Treatment of inadvertently produced Confidential Discovery Material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production shall not be considered a breach of this Protective Order.

10.    The Producing Party may, on the record of a deposition, or within thirty (30) business days after receipt of the transcript(s) of such deposition, designate any portion or portions of such transcript(s), including exhibits and videotape, as Confidential Discovery Material under the terms of this Protective Order.  Until the above-referenced 30-day period expires, the complete deposition transcript and videotape shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and on each page that contains Confidential Discovery Material and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of paragraph 10.

11.    Absent consent by the Producing Party, in the event that counsel for any party determines to file with the Court any pleadings, motions, brief, or other papers which contain or make reference to Confidential Discovery Material, such papers shall be filed under seal or submitted to the Court in such manner as is agreed upon by the parties hereto (or ordered by the Court) with a statement on the cover of any such material identifying that Confidential Information subject to Protective Order is contained within. All such materials shall be accepted by the Clerk of the Court for filing and shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court. Where possible,

only Confidential portions of the filings with the Court shall be filed under seal. The failure by the Producing Party to file any Confidential Discovery Material with the Court under seal in no way alters or waives the protected and Confidential or Highly Confidential nature of the said material, which remains subject to the restrictions and limitations set forth in this Protective Order.

12.    Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court, but only upon sufficient notice so that the Producing Party may apply for an order that the evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure.

13.    Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its Confidential Discovery Material in any way it sees fit for any reason.  Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order, so long as such use or discussion occurs in a setting consistent with the maintenance of the confidential and non-public nature of such material.

14.    This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order imply that Discovery Material designated as Confidential under the terms of this Protective Order is properly discoverable, relevant, or admissible in this or any other litigation. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

15.    The following procedures shall apply to any disputes arising from the designation of Discovery Materials pursuant to this Protective Order:

a.     If a party in good faith disagrees with the Producing Party's designation, that party shall inform counsel for the Producing Party in writing of said disagreement no later than ninety (90) days before the scheduled trial of this action.

b.     Upon written notification that a party disagrees with a designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention.

c.     If the dispute is not resolved within fifteen (15) days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes.

d.     During the pendency of such judicial process all parties receiving Confidential Discovery Material shall abide by the designation.

16.     Each document, material, or other thing, or portion thereof (and the information contained therein) designated as Confidential shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof (and the information contained therein) is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

17.     Except as otherwise agreed in writing by the parties, within forty-five (45) days after the entry of a final judgment (including resolution of appeals or petitions for review) or other final disposition, all Confidential Discovery Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned

to the Producing Party, or alternatively the party's counsel shall certify to the Producing Party that all such materials have been destroyed.

18.    Unless otherwise agreed in writing by the parties or ordered by this Court, this Protective Order shall remain in effect after the final resolution of this dispute by any means, and this Court shall retain jurisdiction to enforce this Protective Order.

19.    This Protective Order shall become effective among all parties to this Action and all persons described herein upon entry of the Protective Order.

20.    Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying, or vacating this Protective Order.  Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action.  However, until such agreement or order is obtained, this Protective Order shall govern.

APPENDIX A:  CONFIDENTIAL UNDERTAKING

I acknowledge that I have read and I am fully familiar with the Protective Order included as Attachment D to the Amended Case Management Order in In re Reciprocal of America (ROA) Sales Practices Litigation, Case No. 04-MD-1551 (W.D. Tenn.), and hereby agree to abide by its terms and conditions, to make disclosures of Confidential Discovery Material only in accordance with the above-referenced Protective Order.

I understand that all such Confidential Discovery Material and copies thereof, including, but not limited to, any notes or other transcriptions made therefrom, shall be returned to counsel for the Producing Party no later than forty-five (45) days after the termination of this proceeding.

I agree that all protected health information and personally identifiable health information, as such terms are used in 45 C.F.R. parts 160 and 164, and non-public and other personal information protected by 15 U.S.C. § 6801, et seq., and regulations promulgated thereunder, shall be treated as Confidential Discovery Material even if such Discovery Material is not marked as "Subject to Protective Order" or as "Confidential."

I also agree to make a good faith effort to identify Discovery Material that appears to include Third-Party Material and to treat such identified Third-Party Material as Confidential Discovery Material, as such term is defined by the Protective Order, whether or not such Third-Party Material is marked as "Subject to Protective Order" or as "Confidential."

Dated: _____      Signature: _____

                                 Name: _____

                                 Address: _____

                                 _____

                                 Telephone No.: _____

52