IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. MDL 1551

This Document Relates to:
Civil Action No. 04-2313 & 04-2078
Coordinated Receiver Actions

---

ORDER DENYING MOTION OF DEFENDANTS FOR JOINDER OF RRG RECEIVER
AS NECESSARY PARTY TO ROA RECEIVER'S ACTION AND DISMISSAL
OF RRG RECEIVER'S COMPLAINT

---

This multidistrict litigation arises from the insolvency of a Virginia reciprocal insurer, Reciprocal of America ("ROA") and three Tennessee reciprocal risk retention groups, Doctors Insurance Reciprocal, Risk Retention Group, American National Lawyers Insurance Reciprocal, Risk Retention Group and The Reciprocal Alliance, Risk Retention Group (referred to collectively herein as the "RRGs"), that were largely reinsured by ROA. ROA managed to conceal its financial difficulties until Virginia regulators discovered them in late 2002. Various lawsuits ensued in multiple jurisdictions.

In a series of orders entered in 2003 and 2004, the Judicial Panel on Multidistrict Litigation transferred these actions to this Court, including <u>Alfred W. Gross[1] v. General Reinsurance Corporation, et al.</u>, No. 2:04-CV-2313, W.D. Tenn. In doing so, the Panel concluded that

> All actions involve allegations that various combinations of overlapping defendants conspired to mislead plaintiffs and putative class members with respect to the financial stability of certain insurance companies that provided professional malpractice coverage to the plaintiffs and members of the putative classes. All

---

[1]Gross is the Commissioner of Insurance of the Commonwealth of Virginia and deputy receiver of ROA. This action was transferred from the United States District Court for the Eastern District of Virginia.

>   actions share factual questions arising from substantially similar relationships and transactions, despite differences in the putative classes among the actions. Centralization under [28 U.S.C. §] 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

(Transfer Order at 2)  The order was issued pursuant to 28 U.S.C. § 1407, which provides in pertinent part that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).  "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred . . ." Id.

On November 16, 2004, this Court entered its Initial Case Management Order, which was amended on August 10, 2006 following a June 27, 2006 status conference.  The order as amended stated that the Gross suit and Paula Flowers v. General Reinsurance Corporation, et al., No. 2:04-CV-2078 W.D. Tenn., along with others referred to therein as the "Coordinated Receiver Actions," "shall not be consolidated, but answer dates, pretrial motion practice, and discovery . . . shall be coordinated among them [and other actions in this multidistrict litigation], to prevent duplication and conflicts."  (Am. Case Mgmt. Order at 3-4)

Before the Court is the December 15, 2004 motion of certain Defendants to join Flowers[2] as a necessary party to the Gross action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure and, following such joinder, to dismiss her action as moot.  Both Flowers and Gross have

---

[2]Flowers, at the time the suit was filed, was Commissioner of Commerce and Insurance for the State of Tennessee and Liquidator for the RRGs.  In an order entered March 1, 2007, this Court substituted the new commissioner, Leslie A. Newman, for Flowers.  However, as the motion before the Court was filed during Flowers' tenure and the motion papers refer to her, the Court will do the same here.

objected to the proposed joinder.  For the reasons articulated herein, the Court finds the motion to not be well taken.

>Rule 19(a) provides in pertinent part as follows:
>
>A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party.

The Rule's current phrasing, reflected in a 1966 amendment, "eschew[ed] rigid application and adopt[ed] a . . . pragmatic approach." Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 665 (6th Cir. 2004), reh'g en banc denied (Aug. 27, 2004).  In Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968), the Supreme Court stated that

>[w]here the new version [of the Rule] emphasizes the pragmatic consideration of the effects of the alternatives of proceeding or dismissing, the older version tended to emphasize classification of parties as 'necessary' or 'indispensable.'  Although the two approaches should come to the same point, since the only reason for asking whether a person is 'necessary' or 'indispensable' is in order to decide whether to proceed or dismiss in his absence and since that decision must be made on the basis of practical considerations, and not by 'prescribed formula,' the Committee concluded, without directly criticizing the outcome of any particular case, that there had at times been undue preoccupation with abstract classifications of rights or obligations, as against consideration of the particular consequences of proceeding with the action and the ways by which these consequences might be ameliorated by the shaping of final relief or other precautions.

Provident Tradesmens Bank & Trust, 390 U.S. at 116 n.12, 88 S. Ct. at 741 n.12 (internal citations and quotation marks omitted).  "Ideally, all parties would be before the court.  Yet Rule 19 calls for a pragmatic approach.  Thus, the rule should be employed to promote the full adjudication of

disputes with a minimum of litigation effort.  In sum, the essence of Rule 19 is to balance the rights of all those whose interests are involved in the action." Glancy, 373 F.3d at 665 (internal citations and quotation marks omitted).  "The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application." Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150, 1154-55 (9th Cir.), cert. denied, 537 U.S. 820, 123 S. Ct. 98, 154 L. Ed. 2d 27 (2002).

     The movants seek the Rule's compulsory joinder on the grounds that Gross and Flowers assert the same claims arising from the same events against the same defendants and, thus, that they could be subject to paying double damages.  Under Rule 19, an absent party is "necessary" if the defendants would be subject to multiple or inconsistent obligations if the absent party was not joined. Hooper v. Wolfe, 396 F.3d 744, 748 (6th Cir. 2005).  "If the person or entity is a necessary party, the court looks to whether joinder is feasible, or if a lack of subject matter or personal jurisdiction makes joinder impossible." Am. Express Travel Related Servs. Co., Inc. v. Bank-One Dearborn, N.A., 195 F.App'x 458, 460 (6th Cir. 2006).  "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should in equity and good conscience dismiss the case because the absentee is indispensable." Glancy, 373 F.3d at 666 (citation and internal quotation marks omitted). The subsection (b) factors include "first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed. R. Civ. P. 19(b).

The Court cannot find at this point that the Defendants would be subject to multiple or inconsistent obligations if Flowers were not joined in the Gross litigation. With both suits before it in this MDL action, the Court has and will continue to issue consistent rulings on motions filed by all parties. Indeed, the very purpose of centralization by coordination under § 1407 is "to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." In re Conseco Life Ins. Co. Cost of Ins. Litig., 323 F. Supp. 2d 1381, 1383 (J.P.M.L. 2004); see also Carey v. Klutznick, 653 F.2d 732, 737 (2d Cir. 1981), cert. denied sub nom. Carey v. Baldridge, 455 U.S. 999, 102 S. Ct. 1630, 71 L. Ed. 2d 866 (1982) (coordination under § 1407 a pragmatic equitable alternative where compulsory joinder pursuant to Fed. R. Civ. P. 19 not feasible). As the Court concludes that Flowers is, based on the foregoing, not a necessary party in Alfred W. Gross v. General Reinsurance Corporation, et al., No. 2:04-CV-2313, W.D. Tenn., the motion of the Defendants is DENIED without prejudice.[3]

IT IS SO ORDERED this 14th day of March, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] In addition, pursuant to § 1407, it is assumed that each case in this MDL litigation will be remanded back to its district of origin for trial. Therefore, if the Court joined Gross and Flowers at this juncture and dismissed the latter, the claims of the Tennessee commissioner would be decided at trial by a federal court in Virginia.