IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. MDL 1551

This Document Relates to:
Civil Action No. 04-2078

ORDER GRANTING MOTION OF DEFENDANTS CREWS & HANCOCK, P.L.C.
TO DISMISS AMENDED COMPLAINT

INTRODUCTION AND BACKGROUND

Before the Court in this multi-district litigation is the motion (Doc. Nos. 57 & 58) of the Defendant, Crews & Hancock, P.L.C. ("C&H"),[1] to dismiss the amended complaint filed by the Plaintiff, Paula A. Flowers, Commissioner of Commerce and Insurance for the State of Tennessee (sometimes referred to herein as the "Commissioner"), in her capacity as Liquidator for Doctors Insurance Reciprocal, Risk Retention Group ("DIR"), American National Lawyers Insurance Reciprocal, Risk Retention Group ("ANLIR") and The Reciprocal Alliance, Risk Retention Group ("TRA") (referred to collectively herein as the "RRGs"),[2] pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

The facts alleged in this litigation have been summarized in the Court's previous orders on motions to dismiss and need not be repeated here. As in her original complaint, Flowers has alleged

---

[1] Although Defendant Richard W.E. Bland has joined in this motion, dismissal of the Plaintiff's claims as to him will be addressed by separate order.

[2] In an order entered March 1, 2007, subsequent to the filings of the amended complaint at issue and the motion to dismiss currently before the Court, Leslie A. Newman was substituted as the Plaintiff in this action, as she succeeded Flowers as Commissioner and Liquidator of the RRGs. However, in the name of consistency, the Commissioner will be referred to herein as "Flowers" rather than "Newman."

in her amended pleading claims of violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; RICO conspiracy in violation of 18 U.S.C. § 1962(d); as well as fraud; civil conspiracy; unjust enrichment; negligence; breach of fiduciary duty; fraudulent transfers and preferences; misappropriation and negligent handling of trust funds; and malpractice under Tennessee state law.[3]  In a series of orders, this Court granted motions filed by various defendants to dismiss Flowers' original complaint on the grounds that she failed to satisfy the standing requirement for the federal RICO claim.  Thereafter, the Plaintiff sought and was granted permission to amend her complaint in order to cure the deficiencies identified by the Court.  The gravamen of the instant motion to dismiss is that she has again fallen short of the pleading requirements for such a claim.

                    ANALYSIS OF THE PARTIES' ARGUMENTS

       *Standard of Review for Dismissal Pursuant to Rules 9(b) and 12(b)(6)*

       Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted.  See Fed. R. Civ. P. 12(b)(6).  The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which [she] bases [her] claim."  Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957).  However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim."  Wittstock v. Mark

---

[3] Some state law claims have not been alleged as to all Defendants.

A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

Rule 9(b) provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The Rule serves to put defendants on notice of the conduct complained of by the plaintiff to ensure that they are provided sufficient information to formulate a defense. Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 679 (6th Cir. 1988). The Sixth Circuit interprets the particularity requirement "liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 162 (6th Cir.1993) (internal quotations and citations omitted); Blount Fin. Servs., Inc. v. Walter E. Heller & Co., 819 F.2d 151, 152 (6th Cir. 1987) ("Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact."); see also Evans v. Pearson Enter., Inc., 434 F.3d 839, 852-53 (6th Cir. 2006) (affirming dismissal of fraud action where plaintiff failed to plead reliance with particularity as required by Rule 9(b)). In ruling on a motion pursuant to Rule 9(b), a court must read the particularity requirement in harmony with the "policy of simplicity in pleading" advanced by Fed. R. Civ. P. 8, which requires that a complaint provide only a "short and plain statement of the claim." Michaels Bldg. Co., 848 F.2d at 679 (quoting Fed. R. Civ. P. 8). However, "a district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." Sanderson v. HCA - The Health Care Co., 447 F.3d 873, 876 (6th Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 303, 166 L. Ed. 2d 155 (2006).

*Substantive RICO Claim*

As she did in her original complaint, the Plaintiff alleges in Count 1 of the amended pleading that C&H, along with others, violated RICO, codified at 18 U.S.C. § 1961 et seq., which provides that

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). In order to establish a RICO violation, the Plaintiff must show that this Defendant engaged in "(1) conduct, (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985). Flowers' RICO claim is premised on predicate acts of mail and wire fraud, which "are forms of 'racketeering activity' for purposes of RICO." See Anza v. Ideal Steel Supply Corp., ___ U.S. ___, 126 S. Ct. 1991, 1995, 164 L. Ed. 2d 720 (2006); 18 U.S.C. § 1341, 1343, 1961(1)(B). In order to be "indictable" and thus, to sustain a claim under the RICO Act, each element of the predicate act must be proved. Cent. Distrib. v. Conn, 5 F.3d 181, 183-84 (6th Cir.1993), cert. denied, 512 U.S. 1207, 114 S. Ct. 2678, 129 L. Ed. 2d 812 (1994). Moreover, as noted above, to survive a motion to dismiss pursuant to Rule 9(b), the amended complaint must plead the circumstances of the mail and wire fraud with particularity. See Fed. R. Civ. P. 9(b).

"The elements of mail and wire fraud are: (1) a scheme to defraud, and (2) use of the mails, or of an interstate electronic communication, respectively, in furtherance of the scheme." Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc., 176 F.3d 315, 322 (6th Cir.1999), cert. denied, 528 U.S. 871, 120 S. Ct. 172, 145 L. Ed. 2d 145 (1999); see also Carpenter v. United States, 484 U.S. 19, 25 n.6, 108 S. Ct. 316, 320 n.6, 98 L. Ed. 2d 275 (1987) (noting that the same analysis

applies to offenses under both the mail and wire fraud statutes).  The Sixth Circuit has defined a

> scheme to defraud as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the designed end.  In other words, in order to present a cognizable claim for fraud, the plaintiff[] must show that [the defendants] made a material misrepresentation of fact that was calculated or intended to deceive persons of reasonable prudence and comprehension, and must also show that [the] plaintiff[] in fact relied upon that material misrepresentation.

VanDenBroeck v. CommonPoint Mortgage Co., 210 F.3d 696, 701 (6th Cir. 2000), reh'g denied (Feb. 13, 2001) (internal quotations and citations omitted); see also Advocacy Org., 176 F.3d at 322 (quoting Kenty v. Bank One, Columbus, N.A., 92 F.3d 384, 389-90 (6th Cir.1996)); Cent. Distrib., 5 F.3d at 184; Blount Fin. Servs., Inc., 819 F.2d at 152-53.  RICO's reliance requirement has been interpreted to mean that "[a plaintiff] cannot maintain a civil RICO claim [predicated on mail or wire fraud] against . . . defendants absent evidence that the defendants made misrepresentations or omissions of material fact to [the plaintiff] and evidence that [the plaintiff] relied on those misrepresentations or omissions to its detriment."  Cent. Distrib., 5 F.3d at 184; see also Brown v. Cassens Transp. Co., 492 F.3d 640, 643 (6th Cir. 2007) (the well-established precedent of this circuit requires that a civil RICO plaintiff alleging mail or wire fraud plead reliance, that is, that a defendant made fraudulent representations to the plaintiff on which the plaintiff relied").

Applying Sixth Circuit precedent, this Court held in its previous order dismissing Flowers' RICO claims against C&H that "[w]ith respect to . . . injury as a result of alleged fraudulent conduct by Crews & Hancock, the Plaintiff has not demonstrated that *the RRGs* relied to *their* detriment on misrepresentation or omissions alleged herein that were directed to *them.*"  (Order Granting Mot. of Def. Crews & Hancock to Dismiss Fed. RICO Claims & Granting Pl.'s Req. to Am. Compl. at 19-20) (emphasis in original).  C&H is identified in the amended complaint as a law firm with its

5

principal place of business in Richmond, Virginia. It is alleged that this Defendant served as general counsel to Reciprocal of America ("ROA"), The Reciprocal Group ("TRG"), the RRGs and First Virginia Re ("FVR").[4]

It appears from a review of the docket that the Plaintiff did not file a response to the instant motion.[5] However, upon a review of the 332-allegation amended complaint, the Court finds that nowhere therein does the Plaintiff aver that *C&H made any material misrepresentation or omission directly to the RRGs, their policyholders, or to the Plaintiff herself as a regulator.*[6] C&H is named in the amended complaint as a "RICO Defendant" along with Kenneth R. Patterson, John William Crews, Carolyn B. Hudgins, Judith A. Kelley, Tom N. Kellogg, Victoria J. Seeger, Christopher J. Migel, Thomas M. Reindel, Gordon D. McLean, Richard W.E. Bland, Richard Witkowski, General Reinsurance Corporation and Atlantic Security, Ltd. See Piccone v. Bd. of Dir. of Doctors Hosp. of Staten Island, Inc., 97 Civ. 8182(MBM), 2000 WL 1219391, at *6 (S.D.N.Y. Aug. 28, 2000) ("in cases with multiple defendants, Rule 9(b) requires that the complaint allege facts that specify each defendant's connection to the fraud. General allegations against a group of defendants are

---

[4]This entity has been described in the amended complaint as an off-shore company in whose creation Defendant Crews, founder and senior partner of C&H, was instrumental and which was to serve as a reinsurer of all of ROA's retained share of risk on the physician and lawyer malpractice insurance business.

[5]Although it is the usual practice of this Court to enter a show cause order pursuant to Fed. R. Civ. P. 41(b) upon a party's failure to respond to a dispositive motion, the Court assumes based on the history of this case that the failure to respond was an oversight.

[6]Indeed, it appears Flowers lacks standing to sue based on alleged misrepresentations to anyone but herself, as the Sixth Circuit has rejected the notion that mail or wire fraud directed at a third party can form the basis of a RICO claim. See Brown, 492 F.3d at 645 n.2 ("Our court has explicitly rejected this approach, requiring that a plaintiff be the target of any alleged fraud"). In any case, the Court need not address this question, as it finds the amended complaint wanting on other grounds.

insufficient"); Adler v. Berg Harmon Assoc., 790 F. Supp. 1222, 1228 (S.D.N.Y. 1992) ("Plaintiffs cannot satisfy Rule 9(b) by masking the lack of factual allegations against each defendant through broad allegations which combine the acts of several defendants to create the impression that all engaged in every aspect of the alleged fraud").  Of the Plaintiff's 332 allegations, approximately sixteen contain RICO-related averments against C&H specifically.  These allegations aver that the RRGs and their attorneys-in-fact were formed under the legal direction and/or assistance of C&H; that C&H, along with others, "created and fostered" dependence on ROA for the survival of the RRGs; that misrepresentations were made in ROA's annual statements with C&H's knowledge and complicity; that C&H and others had knowledge of the execution of the 2002 Unreported Side Agreement referred to the amended complaint; and that an internal C&H memorandum to Bland referred to a contemplated loss portfolio transfer between ROA and a reinsurer.  None of these allegations indicate that *C&H* made statements to the Plaintiff, the RRGs, insureds or policyholders.  Thus, Flowers has failed to adequately plead that the "[f]raud connected with [the] mail or wire fraud . . . involve[d] misrepresentations or omissions flowing from the defendant to the plaintiff." Paycom Billing Serv., Inc. v. Payment Res. Int'l, 212 F. Supp. 2d 732, 736 (W.D. Mich. 2002); see also Brown, 492 F.3d at 646 n.2; Cent. Distrib., 5 F.3d at 184.  As the Court finds that Flowers' amended complaint fails to establish fraud pursuant to the requirements of Rule 9(b), her substantive RICO claim against C&H is DISMISSED.

*RICO Conspiracy Claim*

The Plaintiff's claim against C&H under 18 U.S.C. § 1962(d), which prohibits conspiracy

to violate the section's other substantive provisions,[7] is also DISMISSED. The standing requirement of 18 U.S.C. § 1964(c) applies to all claims brought pursuant to RICO, including conspiracy claims under § 1964(d). Beck v. Prupis, 529 U.S. 494, 500-01, 120 S. Ct. 1608, 1613-14, 146 L. Ed. 2d 561 (2000). Thus, to have standing to pursue a civil RICO conspiracy claim, the Plaintiff must sufficiently allege "'injur[y] by reason of' a 'conspiracy.'" Id. (quoting 18 U.S.C. §§ 1964(c), 1962(d)). In Beck, the United States Supreme Court held "that a person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for injuries caused by an overt act [in furtherance of the racketeering conspiracy] that is not an act of racketeering or otherwise unlawful under the statute." Id. at 507, 120 S. Ct. at 1617. Based on the amended complaint's failure to allege with particularity facts demonstrating acts of racketeering on the part of C&H, dismissal of the § 1962(d) claims is warranted. See Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings, 85 F. Supp. 2d 282, 303 (S.D.N.Y. 2000), aff'd 2 F.App'x 109 (2d Cir. 2001) (dismissal of RICO conspiracy count appropriate where claims for mail and wire fraud had been dismissed).

*Remaining State Law Claims*

Although the Court in its original order found that diversity jurisdiction appeared to be present in this case, Flowers advises in her response to another dispositive motion filed in this case that diversity does not in fact exist on the grounds that Defendant PricewaterhouseCoopers LLP is a limited liability partnership having partners in the state of Tennessee. She further requested therein that the Court, as it did in the related action of Gross v. General Reinsurance, et al., No. 2:04-cv-02313 (W.D. Tenn.), exercise its discretion and dismiss the state claims without prejudice. The exercise by a district court of supplemental, or pendent, jurisdiction over state law claims is

---

[7]Specifically, the statute provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).

governed by 28 U.S.C. § 1367, which expressly permits the Court to decline the exercise of jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Absent any remaining federal claims against C&H, the Court, in its sound discretion, hereby dismisses without prejudice the Plaintiff's claims against this Defendant under state law. See Weeks v. Portage County Executive Offices, 235 F.3d 275, 279-80 (6th Cir. 2000) (district court's decision to decline to exercise supplemental jurisdiction lies within its sound discretion).

*Further Amendment of Complaint*

Finally, Plaintiff's responses to similar motions to dismiss the amended complaint filed by co-Defendants contain a footnote which states that she "reserves the right to file a Third Amended Complaint should the Court find that plaintiff's RICO allegations are insufficient." (See Pl. Paula A. Flowers' Resp. to the Defs. John William Crews, Judith A. Kelley & Gordon D. McLean's Mot. to Dismiss Flowers' Am. Compl. at 30 n.16). Assuming she intended to amend with respect to C&H, the right to file a third amended complaint is not Flowers' to reserve. Motions to amend a complaint are governed by Rule 15 of the Federal Rules of Civil Procedure, which permits amendment *"once as a matter of course. . . .* Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a) (emphasis added). The Plaintiff has not sought leave of the Court to again amend her complaint and there is nothing to suggest C&H has consented thereto.

While it is true leave to amend "shall be freely given when justice so requires," see Fed. R. Civ. P. 15(a), denial of such a request may be warranted where there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d

9

222 (1962); Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002).  Here, despite 332 allegations, the Plaintiff is still unable to adequately plead her RICO claim and the Court frankly remains unconvinced that another bite at the apple would yield a different result.  Leave to amend is, therefore, DENIED.  See Odyssey Re (London) Ltd., 85 F. Supp. 2d at 304 n.27 (in case involving dismissal of RICO mail and wire fraud claims, leave to amend denied where "plaintiff has already had an opportunity to replead after specific warnings as to a complaint's deficiencies").

## CONCLUSION

Based on the foregoing, the motion of Defendant Crews & Hancock, P.L.C. to dismiss is hereby GRANTED and leave to amend the complaint is DENIED.

**IT IS SO ORDERED** this 27th day of September, 2007.

                               s/ J. DANIEL BREEN
                               UNITED STATES DISTRICT JUDGE