IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. MDL 1551

This Document Relates to:
Civil Action No. 04-2078

_____

ORDER GRANTING MOTION OF DEFENDANT WACHOVIA BANK,
NATIONAL ASSOCIATION TO DISMISS AMENDED COMPLAINT
_____

Before the Court in this multi-district litigation is the motion (Doc. No. 288) of the Defendant, Wachovia Bank, National Association ("Wachovia") to dismiss the amended complaint filed by the Plaintiff, Paula A. Flowers,[1] Commissioner of Commerce and Insurance for the State of Tennessee, in her capacity as Liquidator for Doctors Insurance Reciprocal, Risk Retention Group, American National Lawyers Insurance Reciprocal, Risk Retention Group and The Reciprocal Alliance, Risk Retention Group.[2] Flowers has alleged against numerous Defendants violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; RICO conspiracy in violation of 18 U.S.C. § 1962(d); as well as fraud; civil conspiracy; unjust enrichment; negligence; breach of fiduciary duty; fraudulent transfers and preferences; misappropriation and

---

[1]In an order entered March 1, 2007, subsequent to the filing of the amended complaint at issue and the motion to dismiss currently before the Court, Leslie A. Newman was substituted as the Plaintiff in this action, as she succeeded Flowers as Commissioner and Liquidator of the RRGs. However, in the name of consistency, the Commissioner will be referred to herein as "Flowers" rather than "Newman."

[2]Wachovia's motion to dismiss the Plaintiff's original complaint was denied as moot in an order entered June 28, 2007 based on the filing of the amended complaint. See Harris v. City of N.Y., 186 F.3d 243, 249 (2d Cir. 1999) (recognizing that "it is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect").

negligent handling of trust funds; and malpractice under Tennessee state law.[3] The gravamen of the instant motion is, essentially, that no federal RICO claims have been alleged as to Wachovia, a fact not disputed by Flowers. In a series of orders, this Court has granted motions filed by other Defendants in this action to dismiss the federal claims against them. In connection with dismissal of the federal claims, the Court also dismissed the state claims against those Defendants pursuant to 28 U.S.C. § 1367(c)(3)[4] and at the request of the Plaintiff. Similarly, the Court finds that, as no federal claims exist with respect to this Defendant, dismissal of the state claims against Wachovia is appropriate. See Weeks v. Portage County Executive Offices, 235 F.3d 275, 279-80 (6th Cir. 2000) (district court's decision to decline to exercise supplemental jurisdiction lies within its sound discretion).

       IT IS SO ORDERED this 4th day of October, 2007.

                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE

---

[3] Some state law claims have not been alleged as to all Defendants.

[4] The exercise by a district court of supplemental, or pendent, jurisdiction over state law claims is governed by 28 U.S.C. § 1367, which expressly permits the Court to decline the exercise of jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).