IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| In re RECIPROCAL OF AMERICA (ROA) SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) ) | 

Master File No. 04-MD-1551

The Honorable J. Daniel Breen

This Document Relates To:

**Consolidated Policyholder Actions**

*Crenshaw Comm. Hosp. v. Gen. Reins., et al.*, No. 03-CV-2696 (W.D. Tenn.)
*Gateway Regional Health Sys., Inc. v. Gen. Reins., et al.*, No. 04-CV-2936 (W.D. Tenn.)
*David Herrick v. Gen. Reins., et al.*, No. 03-CV-2705 (W.D. Tenn.)
*Christie Clinic, P.C. v. Gen. Reins., et al.*, No. 03-CV-2859 (W.D. Tenn.)
*Schumacher Group, Inc. v. Gen. Reins., et al.*, No. 04-CV-2410 (W.D. Tenn.)
*Delta Regional Med. Ctr. v. Gen. Reins., et al.*, No. 06-CV-2155 (W.D. Tenn.)
*Appalachian Regional Healthcare, Inc. v. Gen. Reins., et al.*, No. 06-CV-2676 (W.D. Tenn.)

**MDL DEFENDANTS' OPPOSITION
TO THE POLICYHOLDER PLAINTIFFS' MOTION TO AMEND THE AMENDED
CASE MANAGEMENT ORDER**

Jef Feibelman (Tn. Disc. #7677)
Douglas F. Halijan (Tn. Disc. #16718)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
(901) 524-5109
(901) 524-5024 (Fax)

*MDL Defendants' Liaison Counsel*

## Table of Contents

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| FACTUAL BACKGROUND | 3 |
|     The Initial CMO and Amended CMO | 3 |
|     None of the Policyholder Complaints Has Survived A Motion To Dismiss | 4 |
| ARGUMENT | 5 |
| I.  THE POLICYHOLDERS' MOTION SHOULD BE DENIED BECAUSE THEY HAVE NO VALID COMPLAINT AGAINST THE DEFENDANTS | 5 |
| II.  THE POLICYHOLDERS HAVE NOT ARTICULATED PREJUDICE | 8 |
| CONCLUSION | 9 |

Pursuant to paragraph 8 of the Amended Case Management Order and this Court's Order dated January 9, 2009 (MDL Doc. No. 579 (granting Defendants an extension to January 26th to file their opposition)), defendants in this Multi-District Litigation (the "MDL Defendants") submit the following Opposition to the Policyholder Plaintiffs' Motion to Amend the Amended Case Management Order:[1]

## INTRODUCTION

The Policyholder Plaintiffs' Motion to Amend the Amended Case Management Order (MDL Doc. No. 574) (the "Motion") is unsupported and should be denied.[2] The Policyholder Plaintiffs have moved for an order to amend the Amended Case Management Order ("Amended CMO") and allow full "pre-answer" discovery to proceed in this case. They present this request as proper in light of the Court's having decided "a majority" of the initial dispositive motions, leaving "some" of these motions pending. MDL Doc. No. 575. However, since the Policyholders have not yet shown that they can state viable complaints against any of the MDL Defendants, they are actually asking the Court for *pre-complaint* discovery, which is not at all appropriate.

---

[1] The MDL Defendants include General Reinsurance Corporation ("Gen Re"), Tommy N. Kellogg, Christopher J. Migel, Thomas N. Reindel, and Victoria J. Seeger (the "Gen Re Defendants"), Milliman (USA), Inc. ("Milliman"), and PricewaterhouseCoopers LLP and Gary Stephani (collectively, "PwC"), as well as Wachovia Bank, National Association, Richard W.E. Bland, Dr. Ronald K. Davis, John William Crews, Judith Kelley, Gordon McLean, Kenneth Patterson, Carolyn Hudgins, and Crews & Hancock, P.L.C., all of whom join this Opposition. By filing this Response, Gen Re is not waiving its demand for arbitration or any of the factual allegations and legal arguments in its Complaint to Compel Arbitration and its Motion to Compel Arbitration, both of which are currently pending before this Court.

[2] The caption to the Motion states that it is being brought in all of the cases in this MDL. However, the Motion has been filed by the Consolidated Policyholder Plaintiffs only. No other Plaintiffs have joined in the Motion. Therefore, the Motion only applies to the Consolidated Policyholder Actions. According to paragraph 1 of the Amended Case Management Order (the "Amended CMO"), the Consolidated Policyholder Actions are: (1) *Crenshaw Comm. Hosp. v. Gen. Reins., et al.*, No. 03-CV-2696 (W.D. Tenn.); (2) *Gateway Regional Health Sys., Inc. v. Gen. Reins., et al.*, No. 04-CV-2936 (W.D. Tenn.); (3) *David Herrick v. Gen. Reins., et al.*, No. 03-CV-2705 (W.D. Tenn.); (4) *Christie Clinic, P.C. v. Gen. Reins., et al.*, No. 03-CV-2859 (W.D. Tenn.); (5) *Schumacher Group, Inc. v. Gen. Reins., et al.*, No. 04-CV-2410 (W.D. Tenn.); (6) *Delta Regional Med. Ctr. v. Gen. Reins., et al.*, No. 06-CV-2155 (W.D. Tenn.); and (7) *Appalachian Regional Healthcare, Inc. v. Gen. Reins., et al.*, No. 06-CV-2676

First, the Policyholder Plaintiffs' complaints have either already failed as a matter of law, or pending motions showing the legal failings of the complaint are *sub judice*. Two policyholder actions were dismissed with prejudice as to all MDL Defendants on June 6, 2007,[3] and the Court thereafter granted motions to dismiss the remaining Policyholder complaints against, *inter alia*, the Gen Re Defendants, Milliman, and defendants Crews, Kelley, McLean, Patterson and Hudgins. *See* MDL Doc. Nos. 406, 409, and 414. Although granted leave to replead against those parties over eighteen months ago, the Policyholder Plaintiffs have not yet filed any amended pleadings.

PwC is a defendant in six of the seven pending policyholder actions, and has motions to dismiss pending in five of the six (*Crenshaw, Gateway, Herrick, Christie, and Delta*) Consolidated Policyholder Actions.[4] Several other MDL Defendants are in the same position and await rulings on their motions to dismiss. Given the absence of any pending complaint against Gen Re and Milliman and other MDL Defendants, and the pendency of motions to dismiss brought by PwC and several other MDL Defendants, there is no basis to proceed to full discovery at this time.

Second, the Policyholders' Motion does not describe any concrete prejudice from continuing the stay. Indeed, their motion fails to give proper recognition to the fact that the Judicial Panel on Multidistrict Litigation ("JPML") has repeatedly ordered that these cases be coordinated to prevent duplicative discovery, inconsistent rulings, and to preserve the resources of the Court, litigants and counsel. *See, e.g.*, JPML Order dated August 26, 2003, a copy of

---

(W.D. Tenn.).

[3]   Tommy L. Fullen v. Gen. Reins., et al. No. 03-CV-2195 (W.D. Tenn.) and Michael Jaynes, P.C. v. Gen. Reins., et al., No. 04-CV-2479 (W.D. Tenn.), (see Order dated June 6, 2007 (MDL Doc. No. 403)). The Plaintiffs in these cases filed notices of appeal to the Sixth Circuit, but later dismissed their appeals.

[4]   The only case in which PwC has not yet moved to dismiss is *Appalachian*, a later-filed case for which motions to dismiss are not yet due.

which is attached as Exhibit A. An order allowing discovery to proceed for only a portion of the cases in the MDL would conflict with the purpose behind a coordinated MDL proceeding.

The MDL Defendants therefore respectfully request that the Court deny the Policyholders' Motion.

## FACTUAL BACKGROUND

Legal activity stemming from the insolvency of Reciprocal of America ("ROA") began in January 2003, when the Commonwealth of Virginia put ROA in receivership. On the heels of that action, three putative class action lawsuits were filed in different federal district courts by various plaintiffs. To avoid piecemeal litigation, Defendants requested, pursuant to 28 U.S.C. § 1407, an order from the JPML consolidating and transferring the three putative class actions relating to ROA to the Western District of Tennessee. This order was entered on August 26, 2003, and MDL No. 1551 was created. *See* Ex. A.

Beginning with its Panel Transfer Order of August 26, 2003, the JPML has consolidated a total of 15 actions arising out of the alleged ROA insolvency for coordinated proceedings before this Court as part of MDL No. 1551. All of the MDL cases consist of allegations that "various combinations of overlapping defendants conspired to mislead plaintiffs and putative class members with respect to the financial stability of certain companies that provided professional malpractice coverage to the plaintiffs and members of the putative class." Ex. A. at 2. Accordingly, the Panel found that the MDL Actions "share[d] factual questions arising from substantially similar relationships and transactions, despite differences in putative classes among the actions." *Id.* The Policyholders agreed to include their actions in the MDL.

**The Initial CMO and Amended CMO**

The Court entered an Initial CMO in this case on November 16, 2004. MDL Doc. No. 7. That document, the product of negotiations among the parties (including the Policyholder Plaintiffs), wisely provided for a stay of discovery pending the resolution of pre-answer motions. The parties negotiated an amendment to the CMO, entered on August 10, 2006. MDL Doc. No. 274. While the Amended CMO required the parties to exchange Rule 26(a)(1) initial disclosures and allowed for limited document discovery, it continued the stay of all other discovery pending the resolution of pre-answer motions.[5]

**None of the Policyholder Complaints
Has Survived A Motion To Dismiss**

On June 28, 2007, this Court dismissed the Policyholders' amended complaints against the Gen Re Defendants. MDL Doc. No. 414. The Court determined that the Policyholders "failed to adequately plead that the 'fraud connected with [the] mail or wire fraud . . . involve[d] misrepresentations or omissions flowing from the defendant to the plaintiff." MDL Doc. No. 414 at 13. The Court further held that "the Policyholders' complaints have failed to establish fraud pursuant to the requirements of Rule 9(b)" and that the Policyholders also failed to allege a RICO conspiracy. MDL Doc. No. 414 at 14-15. Two of the complaints (*Fullen* and *Jaynes*) were dismissed with prejudice as to all parties. The Policyholders were given leave to amend their other complaints against the Gen Re Defendants, but have never filed amended complaints. Thus, the Policyholders do not have any claims pending against the Gen Re Defendants. Nor do they against Milliman.

---

[5] In addition, in February 2007, the Policyholders and Defendants Crews & Hancock, P.L.C., Gerald Wages, William T. Sugg, Richard W.E. Bland, Gordon McLean, Thomas Smith, and Dr. Ronald K. Davis agreed to temporarily suspend all discovery and motion practice in the MDL. MDL Doc. No. 382. This Court granted the motion. MDL Doc. No. 383. To date, this suspension of discovery and motion practice has not been lifted.

As to PwC, those complaints that have not already been dismissed with prejudice are (with one already-noted exception) all the subject of fully-briefed motions to dismiss. Because the allegations in those complaints are similar to those in the failed complaints, these motions have a strong likelihood of success.

## ARGUMENT

### I. THE POLICYHOLDERS' MOTION SHOULD BE DENIED BECAUSE THEY HAVE NO VALID COMPLAINT AGAINST THE DEFENDANTS.

The Policyholders' Motion should be denied for the simple reason that the Policyholders have not shown that they can allege a viable complaint. Indeed, the only definitive rulings to date have held the Policyholders' complaints to be insufficient as a matter of law.

It is a basic principle of federal civil practice that "the price of entry" to discovery "is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome." *See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 704 (6th Cir. 2005); *Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001) (same). If a plaintiff is unable to allege a cognizable claim against a defendant, he cannot nevertheless force the defendant to respond to costly and time-consuming discovery-related issues. *Havoco of Am., Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980) ("[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility.").

This principle holds true even where, as here, a plaintiff's claims have been dismissed but the plaintiff has leave to amend those claims. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (rejecting plaintiff's argument that it was entitled to conduct

discovery after the district court had dismissed its claims but prior to the filing of any amendment); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (rejecting plaintiff's argument that he should be entitled to pursue discovery to remedy his dismissed claim); *Caboodles Cosmetics, Ltd. P'ship v. Caboodles*, LLC, 412 F. Supp. 2d 872, 877 (W.D.Tenn. 2006) (Rule 12(b)(6) "allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery.").

Here, the Court dismissed the complaints against the Gen Re Defendants and Milliman holding that not only did the Policyholders fail to properly plead reliance in support of their fraud-based RICO claims, but their amended complaints also did not satisfy the particularity requirements of Rule 9(b).[6] MDL Doc. Nos. 406, 414. One purpose of Rule 9(b)'s particularity requirement is to "eliminat[e] conclusory complaints filed as a pretext for using discovery to uncover heretofore unknown wrongs." *Levine v. Prudential Bache Properties, Inc.*, 855 F. Supp. 924, 929-30 (N.D. Ill. 1994). Allowing the Policyholders to pursue discovery and otherwise modify the Amended CMO would subvert the purpose of Rule 9(b) by allowing the Policyholders the opportunity to use the discovery process without having to state a valid claim from the start. As the Sixth Circuit has observed, Rule 9(b) "eliminates those complaints filed as a pretext for the discovery of unknown wrongs — *a 9(b) claimant must know what his claim is when he files.*" *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001) (emphasis added).

The legal authority the Policyholders rely on to lift the stay is wholly distinguishable. They point to the Northern District of Ohio's decision in *In re: Scrap Metal Antitrust Litig.*, No. 1:02-CV-0844, 2002 WL 31988168 (Nov. 7, 2002 N.D. Ohio), as purported support for the

---

[6] This rationale for dismissal should also apply to the complaints against PwC, which are the subject of pending motions to dismiss.

proposition that the stay of discovery in this litigation should be lifted. The Policyholders are mistaken. First, nothing in the *Scrap Metal* opinion shows that the plaintiffs were unable to allege viable claims against the defendants and sought to obtain discovery without first having filed a complaint sufficient to withstand a motion to dismiss. Here, however, the Policyholders' complaints either have already been dismissed, or are subject to pending dismissal motions.

Second, in *Scrap Metal*, the parties never agreed to stay discovery pending the outcome of pre-answer motion practice, as the parties – including Policyholders – agreed to here. Rather, in that case, the defendants moved at the outset of the litigation for a six-month stay of discovery and the United States Government also intervened in the case and requested a partial stay of discovery which the plaintiff "vigorously oppose[d]" *Id.* at *1, *4. Here, by contrast, the parties agreed to stay discovery pending the outcome of preliminary motions. *See* Amended CMO ¶¶ 5, 10 (MDL Doc. No. 274). Such a stay makes perfect sense in the MDL context, which is intended to coordinate discovery among many cases.

Third, the plaintiffs in *Scrap Metal* demonstrated to the court that prejudice would flow to them from a stay of discovery. 2002 WL 31988168, at *4. The Policyholders' Motion, on the other hand, does not demonstrate any prejudice that would result from a continuation of the current Amended CMO and the stay of discovery included there. Instead, the Policyholders merely state in conclusory fashion that certain witnesses might not be available in the future or that evidence might be lost. Motion at 2. There is not one specific fact related to this case offered to support this statement though. Further, the Policyholders ignore that (1) they have supported the stay of discovery in this MDL, (2) they have repeatedly agreed to their inclusion in the MDL, never once having opposed transfer of an action to this MDL, even as to those cases initiated after the Initial CMO was entered (*e.g.*, *Delta* and *Appalachian*), and (3) they have

- 7 -

never attempted to lift the stay of discovery and motion practice they agreed to in February 2007 as to many of the Defendants (*see* MDL Doc. No. 383).

Therefore, *Scrap Metal* is wholly inapposite and does not support the Policyholders' Motion.

## II. THE POLICYHOLDERS HAVE NOT ARTICULATED PREJUDICE.

Prejudice is defined as "[d]amage or detriment to one's legal rights or claims." BLACK'S LAW DICTIONARY 1218 (8th ed. 2004). Here, the Policyholders do not identify any specific prejudice from maintaining the status quo (to which they previously agreed). The Policyholders' Motion is instead based entirely on speculative assertions about potential issues that "might" arise if discovery does not proceed until after the Policyholders demonstrate that they can actually state viable claims against Defendants. MDL Doc. No. 575 at 2.

On the other hand, there could be real prejudice to the other parties from amending the CMO to allow full discovery at this time. First, the scope of discovery cannot be determined until the Policyholders have repled their claims against Gen Re and Milliman, and PwC's motions to dismiss are decided. Without a complaint, discovery would be purely a fishing expedition. Second, the parties currently participating in the mediation ordered by this Court (the Gen Re Defendants, Milliman, PwC, the ROA Receiver, and the RRG Receivers) should have an opportunity to conclude that process without the added burden of discovery. Indeed, were the Policyholder Plaintiffs to proceed with discovery in *their* cases, such discovery would have to be done a second time in the event the mediation does not succeed. That presents a possibility of real prejudice to the parties presently in mediation.

Ultimately, the Policyholders' motion concerns the Court's discretionary management of the case management order. Matters of this sort are not decided by hard rules, but by the Court's

evaluation of competing factors. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). In this case, where (1) the Policyholder Plaintiffs do not even have allegations pending against the Gen Re Defendants, Milliman and others; (2) the allegations against PwC and other MDL Defendants are subject to motions to dismiss; and (3) active Court-ordered mediation is ongoing, the Court should not amend the Amended CMO now to allow full discovery in a subset of the MDL actions.

## CONCLUSION

For the aforementioned reasons, the MDL Defendants respectfully request that the Policyholder Plaintiffs' Motion to Amend Amended Case Management Order be denied.

s/Jef Feibelman
Jef Feibelman          (Tn. Disc. #7677)
Douglas F. Halijan     (Tn. Disc. #16718)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
(901) 524-5109
(901) 524-5024

*MDL Defendants' Liaison Counsel*

**Of Counsel:**
DLA PIPER LLP (US)
203 N. LaSalle Street
Chicago, Illinois 60601
(312) 368-4000

MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, California 90071
(213) 683-9100

*Attorneys for Gen Re Defendants*

GLANKLER BROWN, PLLC
John Houseal, Jr. (No. 8449)
Don L. Hearn, Jr. (No. 22837)
One Commerce Square
Seventeenth Floor
Memphis, Tennessee 38103
Tel.: (901) 576-1745
Fax: (901) 525-2389

ORRICK, HERRINGTON & SUTCLIFFE LLP
James P. Cusick (admitted pro hac vice)
666 Fifth Avenue
New York, NY 10103
Tel.: (212) 506-5000
Fax: (212) 506-5151

*Attorneys for Defendants*
*PricewaterhouseCoopers LLP and*
*Gary Stephani*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing OPPOSITION TO THE POLICYHOLDER PLAINTIFFS' MOTION TO AMEND THE AMENDED CASE MANAGEMENT ORDER has been electronically transmitted, pursuant to Paragraph 4.b. of the Amended Case Management Order, to counsel listed on Attachment C to the Amended Case Management Order, on the 26th day of January, 2009.

s/Jef Feibelman