```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **RECIPROCAL OF AMERICA (ROA)** | ) | Master File 04-MD-1551 |
| **SALES PRACTICES LITIGATION** | ) | Judge J. Daniel Breen |
| | ) | |

This document relates to

*Christie Clinic, LLC v. General Reinsurance Corp., et al.*,
    No. 03-cv-2859
*David Herrick, et al. v. General Reinsurance Corp., et al.*,
    No. 03-cv-2705
*The Schumacher Group, Inc. v. General Reinsurance Corp., et al.*,
    No. 04-cv-2410

**REPORT AND RECOMMENDATION**

### I. INTRODUCTION

Before the court by order of reference is the Joint Motion for a Hearing Over Approval Order for Settlement Involving Plaintiffs and Defendant Directors & Officers ("Motion for Settlement Approval Hearing"), filed on February 21, 2012. (MDL ECF No. 815.) In the motion, policyholder plaintiffs Christie Clinic LLC and Dr. David Herrick (collectively, "Christie") and policyholder plaintiff The Schumacher Group of Delaware, Inc., also known as The Schumacher Group Inc. ("Schumacher"), among others, jointly move for the court to conduct a hearing on two pending motions for approval of a confidential settlement agreement entered into between plaintiffs and the directors and officers of Reciprocal of America ("ROA"), and related entities, entered into in October 2010 ("D&O Settlement

Agreement"). These pending motions are (1) Christie's Motion for Partial Final Judgment Order Pursuant to Rule 54(b) as to Motion of Christie Clinic LLC and Dr. David Herrick in Regard to a Certain Settlement and Escrow Agreement ("Christie Motion") (MDL ECF No. 758), and (2) Schumacher's Motion for a Rule 54(b) Certification of Partial Final Judgment and Order Finding that the Settlement of the Claims Against the Directors and Officers of ROA and Related Companies Does not Impede the Ability of [Schumacher] to Pursue its Personal Claims and Acknowledging the Reservation by [Schumacher] of its Rights to Pursue Such Personal Claims ("Schumacher Motion") (MDL ECF No. 786). Defendants Milliman, Inc. ("Milliman") and General Reinsurance Corporation ("Gen Re") each filed separate responses in opposition to the Christie and Schumacher Motions. The various briefs relating to the Christie and Schumacher Motions are docketed at MDL ECF Nos. 771, 772, 782, 792, and 793.

Pursuant to the order of reference, on June 19, 2012, the undersigned Magistrate Judge conducted a telephone conference call with the parties, at which time the court GRANTED the Motion for Settlement Approval Hearing and scheduled a hearing for July 17, 2012, at the Federal Building in Memphis, Tennessee. The court directed the parties to appear at 9:00 a.m. to meet and confer regarding the disputes at issue in the motions, and to be prepared to address the court at 10:30 a.m. regarding the motions. Also during the telephone conference, the court GRANTED the Deputy

Receiver of Reciprocal of America and The Reciprocal Group's ("ROA Deputy Receiver") Motion to Intervene for the Limited Purpose in Doctor/Clinic Actions, as that motion related directly to the Motion for Settlement Approval Hearing. (MDL ECF No. 782.) With leave of court, on June 27, 2012, the ROA Deputy Receiver filed replies in support of the Christie and Schumacher Motions, and submitted proposed orders for the court's consideration. The ROA Deputy Receiver, also at the court's direction, submitted for *in camera* review the D&O Settlement Agreement (without including the Confidential Crews Addendum).[1]

On July 17, 2012, the parties appeared for the hearing. Counsel for all interested parties were present and heard.[2] Based on a review of the record, the briefs filed by the parties, and the arguments presented at the hearing, the court recommends that Christie's and Schumacher's Motions be granted in part and denied in part, and that the District Judge enter the proposed Final Order Certifying Rule 54(b) Partial Final Judgment, attached as Exhibit A to this report and recommendation.

## II. BACKGROUND

---

[1]The only provision of the D&O Settlement Agreement discussed in this report and recommendation is Section I.E.2. All of the parties agree that the disclosure of this section does not implicate any confidentiality concerns regarding the settlement.

[2]Jonathan Schraub, who represents defendants John William Crews, Judith A. Kelley, and Gordon D. McLean, was permitted by the court to participate by telephone at the July 17 hearing.

Beginning in 2003, a series of cases were filed arising from the collapse of ROA, a Virginia reciprocal insurer, and three Tennessee reciprocals, including Doctors Insurance Reciprocal - Risk Retention Group ("DIR") and The Reciprocal Alliance ("TRA"), that were largely reinsured by ROA. At the time, Christie Clinic LLC was and remains today in the business of providing medical services in Illinois and as a result needs insurance coverage for these services. Christie Clinic LLC alleged that, beginning in 1999, it secured and thereafter maintained its medical malpractice coverage from TRA as a result of a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act and based on misrepresentations arising out of a civil conspiracy. Further, the members of the ROA group of companies, including TRA and DIR, allegedly were so interrelated that they were part of the same conspiracies. Christie Clinic LLC asserted individual personal claims and class action claims. Similarly, Dr. Herrick is a physician who alleged that beginning in 2000, he secured his medical malpractice coverage from DIR as a result of the same conspiracy by the ROA group of companies. Schumacher, which also was and remains in the business of providing medical services in several states, claimed that beginning in 1998, it secured its medical malpractice coverage from DIR based on certain initial and then continuing false representations by representatives of DIR and ROA.

As policyholders, Christie and Schumacher filed suits in federal and state courts asserting claims against various officers of ROA, DIR, and TRA, as well as companies that were involved in providing certain advice and services to these entities, based on (1) personal, tort causes of action for fraud and conspiracy arising from the direct interaction with representatives of ROA and DIR (and in Christie's case, TRA), and (2) contract claims arising from the ultimate loss of insurance coverage under the policies. Other cases were filed by policyholders and other entities in Alabama, Tennessee, Illinois, and Kentucky. These cases, including those brought by Christie and Schumacher, were consolidated and sent to this court by the Judicial Panel on Multidistrict Litigation. The receivers for ROA, DIR, TRA, and their related companies filed similar suits in federal courts in Tennessee and Virginia. The cases brought by the receivers included claims against the officers and directors of ROA, DIR, TRA, and related entities, as well as lawyers and law firms that represented ROA, DIR, TRA, and related entities.

### III. D&O SETTLEMENT AGREEMENT

On December 11, 2009, a confidential court-ordered mediation was conducted by former U.S. District Judge Layn R. Phillips. As a result of that mediation, a settlement was reached on December 11, a Memorandum of Understanding ("MOU") with binding enforcement terms was signed that day and, pursuant to the MOU, the parties

subsequently documented and detailed the terms of the settlement in the D&O Settlement Agreement. The plaintiffs who are parties to the settlement agreement ("Settling Plaintiffs") include: the ROA Deputy Receiver; the Liquidator of DIR, the American National Lawyers Insurance Reciprocal - Risk Retention Group ("ANLIR"), and TRA; plaintiffs in cases 03-CV-2696 (W.D. Tenn.), 04-CV-2936 (W.D. Tenn.), 06-CV-2155, and 06-CV-2676 (W.D. Tenn.); Christie; Schumacher; and plaintiffs in case 04-CV-2294 (W.D. Tenn.). The defendants who are parties to the settlement agreement ("Settling Defendants") include: John William Crews, Kenneth R. Patterson, Gordon D. McLean, Carolyn B. Hudgins, Judith A. Kelley, Richard W.E. Bland, Crews & Hancock, P.L.C. (and all of its predecessors and successors, including Crews, Donlan & Bland, P.L.C.), William G. Sugg, and Gerald R. Wages. Non-party insurers Great American Insurance Company, Executive Liability Division and Great American Insurance Company, Professional Liability Division are also parties to the D&O Settlement Agreement.

The D&O Settlement Agreement contains several "Conditions Precedent" which must be fulfilled before the parties' commitments in the agreement become effective. The "Condition Precedent" of relevance for the pending motions is found in Section I.E.2, which requires:

> A final order by the MDL Court (or, after remand, the court in which the Doctor/Clinic Actions are pending at the time) acknowledging that: (a) this Agreement does not impede the Doctor/Clinic Plaintiffs' ability to

pursue claims against defendants with whom they have not yet settled; and (b) that the Doctor/Clinic Plaintiffs' specifically reserve all rights against all other persons and entities, whether parties or non-parties to the Doctor/Clinic Actions, not herein expressly released. For purposes of this Agreement, such order will not be deemed effective until such order is final under federal law, and all appeals have concluded or the time for appeal has elapsed (the "MDL Court's Effective Approval as to Doctor/Clinic Actions"). . . .

Christie and Schumacher have each submitted to the court proposed orders which they believe are consistent with Section I.E.2. Christie's proposed order states in relevant part as follows:

> Having considered the papers and pleadings filed regarding this Motion and having reviewed *in camera* the Agreement, the Court hereby Finds and Orders that:
>
> (1) The Agreement does not impede said Doctor/Clinic Plaintiffs' ability to pursue claims against Defendants with whom they have not yet settled.
>
> (2) Said Doctor/Clinic Plaintiffs specifically reserved all rights against all other persons and entities, whether parties or non-parties, to said Doctor/Clinic actions, not herein expressly released.
>
> (3) There is no just reason to delay enforcement or appeal of this Order and accordingly, this Order constitutes a Final Judgment as to the matters adjudicated herein pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Schumacher's proposed order states in relevant part as follows:

> Having considered the papers and pleadings filed regarding this Motion and having reviewed *in camera* the settlement agreement, the Court finds that:
>
> (1) The Settlement Agreement does not impede the ability of Schumacher to pursue its personal claims against any and all other persons or entities, whether parties or non-parties to its pending action, which have not been

expressly released and with whom Schumacher has not yet settled;

(2) That Schumacher has specifically reserved all of its rights to pursue its personal claims against any and all other persons or entities, whether parties or non-parties to its pending action, which have not been expressly released and with whom Schumacher has not yet settled;

(3) This Order does not modify the Court's prior Order dated June 6, 2007 [MDL Docket No. 403].

(4) Certification of this Order and partial final judgment as final pursuant to Rule 54(b) would not result in unnecessary appellate review;

(5) Appellate review of this Order and/or partial final judgment would not be mooted by any future developments in this case;

(6) An appellate court would not need to decide the same issue more than once even if there were subsequent appeals; and

(7) Absent certification of this Order and partial final judgment as final, Schumacher would not satisfy a condition precedent of the D&O Settlement and not receive the benefits of that settlement.

In their opposition briefs, neither Gen Re nor Milliman contend that the D&O Settlement Agreement is not fair or was not made in good faith. Instead, Gen Re argues (1) the plaintiffs, by including in their proposed orders that the settlement agreement "does not impede" the plaintiffs' ability to pursue personal claims, improperly seek to foreclose future litigation of issues that may be presented by the court's June 6, 2007 Order on personal claims (MDL ECF No. 403) and seek to have the court essentially deny the pending Motion to Dismiss for Lack of Personal Claims (MDL ECF No. 641-1); and (2) counsel for Christie, by agreeing to settle

-8-

on behalf of the named plaintiffs alone, have "abandoned the absent class members." Milliman contends in its opposition briefs that because the settlement may act as a dollar-for-dollar credit against damages awarded or potentially discharge claims against all others allegedly liable for an indivisible injury, it would be inappropriate for the court to find that the agreement "does not impede" the plaintiffs' ability to pursue their personal claims.[3] Through its reply brief, the ROA Deputy Receiver presents arguments in support of both Christie's and Schumacher's Motions, and has submitted its own versions of proposed orders.[4]

## IV. PROPOSED FINDINGS

1. Based on a review of the record, including an *in camera* review of the confidential D&O Settlement Agreement, the court submits that the D&O Settlement Agreement is fair and the result of good-faith bargaining and negotiation among the settling parties.

2. Regarding the parties' dispute concerning the proposed "does not impede" language in the final order, the court submits that including that language in the order should not and would not

---

[3] Milliman also initially argued that the plaintiffs violated the Amended Case Management Order by denying Milliman the opportunity to review the settlement agreement. However, Milliman has since received a copy of the D&O Settlement Agreement and therefore no longer makes this argument.

[4] The ROA Deputy Receiver submitted three proposed orders, one for each of the three cases. Exhibit A, attached to this report and recommendation, consolidates the Receiver's three proposed orders and closely tracks the language of those orders.

affect the rights of Gen Re or Milliman to raise any defenses they might have based on the settlement, including, for example, arguing in the future that they might be entitled to some credit for payments made by the Settling Defendants or that the settlement would act to discharge them from liability.  Likewise, by including the "does not impede" language in the order, the court would not, either explicitly or implicitly, dispose of any pending motions, including the pending motions to dismiss.  In other words, by including the "does not impede" language, the court would not place Christie, Schumacher, Gen Re, or Milliman in a better or worse position than if the language were omitted from the order.  However, to satisfy the parties' concerns regarding the potential impact that the final order might have on their future litigation positions, the proposed order attached as Exhibit A to this report and recommendation includes language that makes this point clear.

3.  Regarding Gen Re's argument that "the absent class members have been wronged" by counsel for Christie based on their settling claims individually on behalf of Christie, prior to 2003, Rule 23(e) of the Federal Rules of Civil Procedure provided that "[a] class action shall not be dismissed or compromised without the approval of the court."  However, Rule 23(e) was amended in 2003.  The amended rule allows parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified.  <u>See</u> Fed. R. Civ. P.

23(e) ("The claims, issues, or defenses of a *certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval.") (emphasis added).  The Advisory Committee Notes to the 2003 rules amendments confirm that Rule 23(e) does not apply to settlements or dismissals that occur before class certification.  Fed. R. Civ. P. 23(e) advisory committee's note ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").

Courts have held that plaintiff's counsel have a fiduciary relationship with putative class members: "Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed." In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 801 (3d Cir. 1995).  If Christie's complaint survives the motions to dismiss, and if the case reaches the class certification stage, Christie and their counsel's actions in negotiating this settlement may be more carefully examined to determine the adequacy of Christie as class representatives and Christie's counsel as class counsel.

## V.  CONCLUSION

For the reasons above, the court recommends that Christie's and Schumacher's Motions be granted in part and denied in part, and that the District Judge enter the proposed Final Order Certifying

Rule 54(b) Partial Final Judgment, attached as Exhibit A.

Respectfully submitted,

           s/ Tu M. Pham
           TU M. PHAM
           United States Magistrate Judge

           August 1, 2012
           Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **RECIPROCAL OF AMERICA (ROA)** | ) | Master File 04-MD-1551 |
| **SALES PRACTICES LITIGATION** | ) | Judge J. Daniel Breen |
| | ) | |

This document relates to

*Christie Clinic, LLC v. General Reinsurance Corp., et al.*,
    No. 03-cv-2859
*David Herrick, et al. v. General Reinsurance Corp., et al.*,
    No. 03-cv-2705
*The Schumacher Group, Inc. v. General Reinsurance Corp., et al.*,
    No. 04-cv-2410

**FINAL ORDER CERTIFYING RULE 54(b) PARTIAL FINAL JUDGMENT**

Before the court are the motions of plaintiffs Dr. David Herrick and Christie Clinic LLC (collectively, "Christie") and The Schumacher Group of Delaware, Inc., also known as The Schumacher Group, Inc. ("Schumacher") for entry of a final order certifying partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in Case Nos. 03-cv-2859, 03-cv-2705, and 04-cv-2410, pertaining to Section I.E.2 of a settlement agreement entered into in October 2010, between and among various parties including Christie and Schumacher, defendants John William Crews, Kenneth R. Patterson, Gordon D. McLean, Carolyn B. Hudgins, Judith A. Kelley, Richard W.E. Bland, and Crews & Hancock, P.L.C. (collectively,

"Settling Defendants"), and non-party insurers Great American Insurance Company, Executive Liability Division and Great American Insurance Company, Professional Liability Division (the "D&O Settlement Agreement").

Based on the papers and pleadings filed regarding the motions, arguments of counsel, and *in camera* review of the D&O Settlement Agreement, the court finds and concludes that:

1. The D&O Settlement Agreement is fair and made in good faith.

2. The D&O Settlement Agreement does not impede Christie's or Schumacher's ability to pursue their claims against defendants with whom they have not yet settled.

3. Christie and Schumacher specifically reserve all rights against all other persons and entities, whether parties or non-parties to their lawsuits, not expressly released by the D&O Settlement Agreement.

4. Upon entry of both this final order and the partial final judgments certified hereby, all of the liabilities of the Settling Defendants to Christie and Schumacher will be finally adjudicated, subject to potential appeals.

5. Certification of the partial judgments as final pursuant to Fed. R. Civ. P. 54(b) will not result in unnecessary appellate review.

6. Appellate review of this final order and the partial final judgments certified hereby will not be mooted by any future developments in the case.

7. The nature of this final order and the partial final judgments certified hereby is such that no appellate court would need to decide the same issue more than once even if there were subsequent appeals.

8. There is no just reason for the delay of having the distribution of the settlement consideration under the D&O Settlement Agreement await the ordinary appellate process while Christie and Schumacher continue pursuing

claims against non-settling defendants and, moreover, certification of the partial judgments as final would expedite what remains of the litigation, allowing all litigants to benefit by a swifter resolution of all claims.

9. Neither this final order nor the partial final judgments certified hereby modifies the court's prior order dated June 6, 2007 (MDL ECF No. 403), or addresses the issue of whether, or to what extent, Christie or Schumacher has any personal claims against non-settling defendants.

10. Neither this final order nor the partial final judgments certified hereby addresses the issue of what, if any, defenses may be asserted by or available to any non-settling defendants.

WHEREFORE, the Clerk of the Court is directed to enter partial final judgments, as separate documents in Case Nos. 03-cv-2859, 03-cv-2705, and 04-cv-2410, dismissing with prejudice all of Christie's and Schumacher's claims against defendants John William Crews, Gordon D. McLean, Judith A. Kelley, Kenneth R. Patterson, Carolyn B. Hudgins, Richard W.E. Bland, and Crews & Hancock PLC (the "PARTIAL FINAL JUDGMENTS").

The court CERTIFIES that upon entry of the PARTIAL FINAL JUDGMENTS, this FINAL ORDER and the PARTIAL FINAL JUDGMENTS shall be immediately appealable pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The Court EXPRESSLY RETAINS JURISDICTION to enforce this FINAL ORDER, the PARTIAL FINAL JUDGMENTS, and the D&O Settlement Agreement, and to resolve any disputes that might arise with respect thereto.

IT IS SO ORDERED.